STATE OF NORTH CAROLINA v. ANDREA ANTIONETTE BRYANT

No. 117A06

(Filed 15 December 2006)

### Probation and Parole— revocation of probation—expired probationary period—reasonable efforts for earlier hearing—required finding

The trial court lacked subject matter jurisdiction to revoke defendant's probation and activate her suspended sentence more than two months after her probationary period had expired due to the court's failure to make a finding of fact that the State had exerted reasonable efforts to conduct a revocation hearing before expiration of the probationary period and its inability to make such a finding because there was no evidence in the record to support it. N.C.G.S. § 15A-1344(f). The case will not be remanded for the trial court to make the necessary finding when the record lacks sufficient evidence to support the finding.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the unpublished decision of a divided panel of the Court of Appeals, 176 N.C. App. ——, 625 S.E.2d 916 (2006), affirming in part, remanding in part, and vacating in part judgments revoking probation entered 24 September 2004 by Judge Kenneth C. Titus in Superior Court, Durham County. Heard in the Supreme Court 11 September 2006.

*Roy Cooper, Attorney General, by Ann Stone, Assistant Attorney General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by Matthew D. Wunsche and Daniel R. Pollitt, Assistant Appellate Defenders, for defendant-appellee.*

BRADY, Justice.

On 24 September 2004, seventy days after the expiration of defendant's probationary period, which was imposed as a result of her felony conviction for obtaining property by false pretenses, the trial court revoked defendant's probation and activated her suspended sentence. Defendant appealed to the North Carolina Court of Appeals which, in a divided, unpublished opinion, vacated the activation of defendant's sentence in that the trial court lacked subject mat-

ter jurisdiction.[1] The State appealed as of right based upon the dissent. The dissenting judge would have remanded the case to the trial court for further findings of fact on whether the State made reasonable efforts to hold a probation revocation hearing before defendant's probation expired. Therefore, the question presented for review is whether sufficient evidence exists in the record to support a finding of fact that the State made reasonable efforts to conduct a hearing before defendant's probationary period expired, thereby giving the trial court the necessary jurisdiction to revoke probation. Because there is insufficient evidence in the record to support such a finding, we hold the trial court lacked subject matter jurisdiction to activate defendant's sentence for obtaining property by false pretenses, and we therefore affirm the decision of the Court of Appeals.

## FACTUAL BACKGROUND

On 15 April 2002, the Durham County Grand Jury returned a true bill of indictment charging defendant Andrea A. Bryant with obtaining property by false pretenses. Consistent with a negotiated disposition, defendant pleaded guilty as charged on 16 January 2003. The trial court sentenced defendant to a prison term of eight to ten months, but suspended the active sentence and imposed an eighteen month period of supervised probation. Further, as special conditions of her probation, defendant was ordered, *inter alia*, to serve one day in jail and to pay restitution and court costs.

On 11 May 2004, defendant's probation officer filed a violation report with the Durham County Clerk of Court alleging defendant failed to be at her residence for curfew checks on sixteen separate specified occasions, failed to pay court costs, and failed to pay restitution. The report also gave notice of a hearing set for 7 June 2004 to review defendant's probation status; however, no hearing was held on that date and the record fails to disclose any specific reason for this failure.

Defendant appeared before the trial court for a probation revocation hearing on 24 September 2004—*seventy days* after the expiration of her probationary period. At the hearing, defendant's attorney made the following remarks to the trial court:

---

1. The trial court also activated defendant's sentence for an 8 October 2002 embezzlement conviction. The Court of Appeals affirmed in part and remanded the activation of this sentence. As the dissent concurred with this result, the activation of this sentence is not an issue before this Court and will not be discussed. See N.C. R. App. P. 14(b)(1).

Your Honor, just to tell you a little about Ms. Bryant. Ms. Bryant is the young lady who had been sick for a while with the shingles and was unable to come to court. She is better now. She is the mother of four children. She's currently enrolled at North Carolina State University. She's studying to be an EMS. She has class Monday, Wednesday, and Friday; she should graduate in December.

After considering remarks from counsel and defendant, as well as the court's file, which included the original judgment and probation revocation petition, the trial court activated defendant's sentence, stating: "Defendant admits willful violation of the terms of her probationary judgment. Frankly, the number of violations are too much for me to say its [sic] just financial and set it aside."

## ANALYSIS

The determination of this case depends on the statutory necessity of a finding of fact by the trial court on the issue of whether the State made reasonable efforts to conduct defendant's probation revocation hearing at an earlier time, and the sufficiency of evidence in the record. Initially, we address the State's argument that no finding was required to be made by the trial court in this case.

The General Assembly, in enacting the controlling statute, N.C.G.S. § 15A-1344(f), provided:

> The court may revoke probation after the expiration of the period of probation if: (1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and (2) *The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.*

N.C.G.S. § 15A-1344(f) (2005) (emphasis added). In analyzing this statute, we use accepted principles of statutory construction by applying the plain and definite meaning of the words therein, as the language of the statute is clear and unambiguous. *Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006) (citing *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990)); *see also Southerland v. B.V. Hedrick Gravel & Sand Co.*, 345 N.C. 739, 742-43, 483 S.E.2d 150, 151-52 (1997) (citing *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974)). The statute unambiguously requires the trial court to make a judicial finding that the State has made a reasonable effort to conduct the probation revoca-

tion hearing during the period of probation set out in the judgment and commitment.

The plain language of this statute leaves no room for judicial construction. In the absence of statutorily mandated factual findings, the trial court's jurisdiction to revoke probation after expiration of the probationary period is not preserved. The State's argument asks us to substitute the unsworn remarks of defendant's counsel for a judicial finding of fact. This we will not do, as the statute requires the *trial court* to make findings of fact. Even in light of the somewhat informal setting of a probation revocation hearing, to accept defense counsel's remarks as a finding of fact violates the plain and definite meaning of the statute.[2]

The State argues that the unsworn remarks of defendant's counsel, along with the scheduled hearing date noticed on defendant's probation violation report, satisfy the statutory requirement. In doing so, the State contends the parenthetical statement made by the Court of Appeals in *State v. Hall* only requires evidence in the record, not an actual finding of fact. 160 N.C. App. 593, 593-94, 586 S.E.2d 561, 561 (2003) (parenthetically stating "nor is there evidence in the record to support such findings"). Although this argument is creative, it is contrary to the explicit statutory requirement that "the court find . . . the State has made reasonable effort to notify the probationer and to conduct the hearing earlier." N.C.G.S. § 15A-1344(f). The statute makes no exception to this finding of fact requirement based upon the strength of the evidence in the record.

In *State v. Camp*, this Court considered similar issues and applied N.C.G.S. § 15A-1344(f) to the facts of that case. 299 N.C. 524, 263 S.E.2d 592 (1980). After noting the defendant appeared before the superior court approximately twenty-three times for a revocation hearing, although the hearing was always continued and a revocation hearing was never conducted, *id.* at 527, 263 S.E.2d at 594, our Court held, *inter alia*: "Moreover, [the trial court] did not find, as indeed [it] could not, that the State had 'made reasonable effort . . . to conduct the hearing earlier,' " *id.* at 528, 263 S.E.2d at 595. Because the probationary period had expired and there was no requisite finding of fact by the trial court, "jurisdiction was lost by the lapse of time and the court had no power to enter a revocation judgment." *Id.* Like

---

2. *Black's Law Dictionary* defines a finding of fact as "a determination by a judge, jury, or administrative agency of a fact supported by the evidence in the record, [usually] presented at the trial or hearing." *Black's Law Dictionary* 664 (8th ed. 2004).

*Camp,* the trial court in the instant case was without jurisdiction to revoke defendant's probation and to activate defendant's sentence because it failed to make findings sufficient to satisfy the requirements of the statute.

Additionally the State argues that if such a finding were required, this case should be remanded for the trial court to make the necessary finding. "Ordinarily when [there is a failure] to make a material finding of fact . . . , the case must be remanded . . . for a proper finding . . . . In the instant case, however, further proceedings are neither necessary nor advisable." *N.C. Dep't of Env't & Natural Res. v. Carroll,* 358 N.C. 649, 674-75, 599 S.E.2d 888, 904 (2004) (internal citation omitted). Moreover, when the record lacks sufficient evidence to support such a finding, the case should not be remanded in order to conserve judicial resources.

The State argues that the record contains two grounds that would support the trial court in making the necessary finding on remand. First is the State's attempt to set a hearing date of 7 June 2004 referenced in the probation violation report, before expiration of the probationary period. This failed scheduling effort alone is insufficient to support a finding of reasonable efforts. Second is defense counsel's remarks regarding defendant's medical condition. Similarly, these remarks alone are insufficient to support a finding of reasonable efforts. Even when viewing these two grounds together in the light most favorable to the State, they would not support the statutorily mandated finding on remand. The record is devoid of any persuasive evidence as to why there was more than a two-month delay in conducting defendant's probation revocation hearing. Additionally, it is the State's burden to have made reasonable efforts to conduct the hearing at an earlier time, and therefore, defense counsel's remarks did not assist the State in meeting its burden. Defense counsel's remarks cannot be interpreted as an explanation of efforts <u>by the State</u> to conduct the hearing within the probationary period. As such, although ordinarily this case would be remanded for a proper finding, remand is not a proper remedy *sub judice* because the record lacks sufficient evidence to support such a finding.

After considering the statute discussed above and relevant case law, we conclude that no ambiguity should remain regarding this issue. In the case at bar, the trial court revoked defendant's probation on 24 September 2004—more than two months after her probationary term had expired on 16 July 2004—without making a finding that the State had exerted reasonable efforts to conduct a hearing before

expiration of the probationary period. Based on the clear and unambiguous statutory language and relevant case law, we can reach no conclusion other than that the trial court lacked subject matter jurisdiction to revoke defendant's probation due to its failure and inability to make the statutorily mandated finding of fact. Accordingly, we affirm the decision of the Court of Appeals which vacated the activation of defendant's sentence for her conviction of obtaining property by false pretenses.

AFFIRMED.