STATE OF NORTH CAROLINA
v.
ZAELVIN M. GINYARD.
No. COA07-594
Court of Appeals of North Carolina.
Filed November 20, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Ann W. Matthews, for the State.
Russell J. Hollers, III, for defendant-appellant.
ELMORE, Judge.
Zaelvin M. Ginyard (defendant) appeals from the trial court's order revoking his probation and activating his suspended sentence. On 25 July 2005, defendant pled guilty to a charge of failure to register as a sex offender. The trial court sentenced defendant to a suspended sentence of seventeen months' minimum to twenty-one months' maximum and a supervised probation period of twelve months.
On 29 June 2006, the trial court extended the term of defendant's probation by three months, or until 25 October 2006. On 11 October 2006, the State served defendant with a probation violation report alleging that defendant had tested positive for cocaine and violated certain monetary conditions of his probation. The probation violation report, which specified a hearing date of 13 November 2006, was filed with the superior court on 24 October 2006. After a hearing on 29 November 2006, the trial court found defendant in violation of his probation and activated his suspended sentence.
The dispositive issue on appeal is whether the trial court had jurisdiction to revoke defendant's probation after the 25 October 2006 expiration of his probation term. Defendant contends that the trial court had no subject matter jurisdiction because it failed to make a finding that the State made reasonable efforts to conduct a revocation hearing before the expiration. We agree.
Pursuant to N.C. Gen. Stat. § 15A-1344(f), a trial court may revoke probation after the expiration of the period of probation if:
(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and
(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.
N.C. Gen. Stat. § 15A-1344(f) (2005).
Here, the trial court failed to make a finding that the State made any effort to conduct the revocation hearing before 25 October 2006. In fact, the first scheduled date for the hearing included in the probation violation report was 13 November 2006, almost three weeks after the expiration of defendant's probation.
Although the State concedes that the record does not contain the required finding, it nevertheless urges this Court to affirm the revocation, reasoning that the case upon which defendant relies, State v. Bryant, 361 N.C. 100, 103, 637 S.E.2d 532, 534 (2006), was handed down one month after the trial court revoked defendant's probation. In Bryant, the Supreme Court held that "[i]n the absence of statutorily mandated factual findings, the trial court's jurisdiction to revoke probation after expiration of the probationary period is not preserved." Id. The State contends that "[i]t is [sic] would be unjust to overturn the revocation order entered by the trial court in this case before the decision was rendered in the Bryant case" because "the Supreme Court had not yet ruled that such a factual finding had [to] be made by the trial court."
The State's position misconstrues the law on this issue. First, our Supreme Court did not announce a new requirement that the trial court make the subject finding. Rather, it concluded that "[t]he plain language of this statute leaves no room for judicial construction." Id. Thus, the language of the statute, standing alone, rather than the Supreme Court's ruling in Bryant, imposed the requirement. Furthermore, the Bryant case is not the sole judicial guidance on this issue. In 2005, this Court held that a trial court may not revoke a defendant's probation where the trial court failed to make the findings required by N.C. Gen. Stat. § 15A-1344(f)(2). State v. Burns, 171 N.C. App. 759, 763, 615 S.E.2d 347, 350 (2005).
Because the trial court in this case failed to make the findings required by N.C. Gen. Stat. § 15A-1344, we hold that the trial court lacked both the jurisdiction and authority to revoke defendant's probation. The judgment from which defendant appeals is vacated. As a result of our holding, we need not address defendant's remaining assignments of error.
Vacated.
Judges WYNN and BRYANT concur.
Report per Rule 30(e).