STATE OF NORTH CAROLINA
v.
DOROTHY FUTRELL.
No. COA08-416
Court of Appeals of North Carolina.
Filed December 2, 2008
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Barry H. Bloch, for the State.
Anne Bleyman, for defendant-appellant.
JACKSON, Judge.
Dorothy Futrell ("defendant") appeals the revocation of her probation in two separate cases. For the reasons stated below, we vacate case number 02 CRS 3194 and affirm case number 07 CRS 1378.
On 9 June 2004, defendant pled guilty to driving while impaired ("DWI") on 14 September 2002 in Hertford County (in case number 02 CRS 3194) in exchange for other charges being dismissed. The trial court sentenced defendant to a twelve-month suspended term of imprisonment, and placed her on supervised probation for twenty-four months. On 6 June 2006, Rechelle Simmons, defendant's probation officer ("PO Simmons"), cited defendant for two probation violations related to the monetary conditions of her probation. On 5 March 2007, defendant pled guilty in Martin County District Court (in case number 07 CR 50155) to DWI on 4 February 2007. The trial court suspended defendant's twelve month sentence, placed her on supervised probation for twelve months, and transferred the case to Hertford County for probation purposes. When Hertford County listed defendant in "absconder status," her file was assigned file number 07 CR 1378. On 29 March 2007, PO Simmons cited defendant for two probation violations related to reporting to her probation officer and remaining within the jurisdiction of the court. The second violation subsequently was withdrawn.
On 6 November 2007, a probation revocation hearing was held in district court, during which defendant's probation was revoked as to case number 07 CR 1378. Defendant appealed to the superior court. On 4 December 2007, a probation hearing in superior court was held during which defendant's probation was revoked as to both 02 CRS 3194 and 07 CRS 1378. Defendant gave notice of appeal to this Court at that time.
Defendant first argues that the trial court lacked subject matter jurisdiction to revoke her probation in case number 02 CRS 3194. We agree.
A trial court asserts the "conclusion of law" that it has subject matter jurisdiction when it enters a judgment against a defendant in a criminal case. An appellate court reviews conclusions of law de novo. Further, an appellate court necessarily conducts a statutory analysis when analyzing whether a trial court has subject matter jurisdiction in a probation revocation hearing, and thus conducts a de novo review.
State v. Satanek, ___ N.C. App. ___, ___, 660 S.E.2d 623, 625 (2008) (citing State v. Taylor, 155 N.C. App. 251, 260, 574 S.E.2d 58, 65 (2002), cert. denied, 357 N.C. 65, 579 S.E.2d 572 (2003); State v. Bryant, 361 N.C. 100, 102, 637 S.E.2d 532, 534 (2006)). A defendant properly may raise this issue at any time, even for the first time on appeal. State v. Reinhardt, 183 N.C. App. 291, 292, 644 S.E.2d 26, 27 (2007) (citing State v. Bossee, 145 N.C. 579, 59 S.E. 879 (1907)).
In case number 02 CRS 3194, defendant's twenty-four month probation was scheduled to run from 9 June 2004 through 8 June 2006. Defendant's probation was revoked on 4 December 2007, nearly eighteen months after her term of probation expired. North Carolina General Statutes, section 15A-1344 provides that a court may revoke probation after the expiration of the period of probation if:
(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and
(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.
N.C. Gen. Stat. § 15A-1344(f) (2007).
Assuming, without deciding, that the probation violation report dated 6 June 2006 constitutes a "written motion" filed with the clerk satisfying subsection (f)(1) of the statute, "[t]he statute unambiguously requires the trial court to make a judicial finding that the State has made a reasonable effort to conduct the probation revocation hearing during the period of probation set out in the judgment and commitment." State v. Bryant, 361 N.C. 100, 102-03, 637 S.E.2d 532, 534 (2006).
Although there was some evidence that the State did not know defendant's whereabouts, the judgment and commitment form lacks any judicial findings with respect to efforts made by the State to conduct the revocation hearing within the probationary period. Furthermore, section 15A-1344 provides that prior to the expiration of probation, after notice and hearing and for good cause shown, the probationary period may be extended in defendant's absence if the State has made reasonable efforts to notify him and he fails to appear for the hearing. N.C. Gen. Stat. § 15A-1344(d) (2007). The record before us does not demonstrate such an effort to act upon the probation violation report dated 6 June 2006 at any time prior to the expiration of defendant's probation.
"In the absence of statutorily mandated factual findings, the trial court's jurisdiction to revoke probation after expiration of the probationary period is not preserved." Bryant, 361 N.C. at 103, 637 S.E.2d at 534. As the trial court lacked jurisdiction to revoke defendant's probation in case number 02 CRS 3194, the judgment and commitment in that case must be vacated.
Defendant next argues that the trial court erred in concluding that her probation violation in case number 07 CRS 1378 was willful. We disagree.
At the probation revocation hearing, defendant admitted, through counsel, the violation alleged in case number 07 CRS 1378. Defendant contends that she admitted only that she failed to reportas instructed to Hertford County, not that her failure to report was willful. She further contends that she offered evidence tending to show her violation was not willful.
Probation revocation hearings are informal matters, in which the court is "not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt." State v. Hewett, 270 N.C. 348, 353, 154 S.E.2d 476, 479-80 (1967) (citations omitted).
All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. Judicial discretion implies conscientious judgment, not arbitrary or willful action. It takes account of the law and the particular circumstances of the case, and is directed by the reason and conscience of the judge to a just result.
Id. at 353, 154 S.E.2d at 480 (citations and internal quotation marks omitted).
The term 'willful' as used in criminal statutes generally means "the wrongful doing of an act without justification or excuse, or the commission of an act purposely and deliberately in violation of law." State v. Arnold, 264 N.C. 348, 349, 141 S.E.2d 473, 474 (1965) (citation omitted).
Here, defendant admitted that she failed to report to the Hertford County community correction office. She also recounted several anecdotes with respect to the circumstances under which she was living at the time. However, she failed to provide anyevidence of legal justification or excuse for her failure to report. Therefore, the trial court did not err in concluding that her probation violation was willful.
Because the trial court lacked jurisdiction to revoke defendant's probation in case number 02 CRS 3194, the judgment and commitment in that case is vacated. Because defendant admitted the probation violation in case number 07 CRS 1378, and failed to present evidence of legal justification or excuse, the judgment and commitment in that case is affirmed.
Vacated in part and Affirmed in part.
Judges STEELMAN and STROUD concur.
Report per Rule 30(e).