IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-428

 Filed: 17 April 2018

McDowell County, No. 13 CRS 50520

STATE OF NORTH CAROLINA

 v.

BILLY DEAN MORGAN

 Appeal by defendant by petition for writ of certiorari from judgments entered

9 September 2016 by Judge Jeffrey P. Hunt in McDowell County Superior Court.

Heard in the Court of Appeals 2 October 2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Brenda
 Eaddy, for the State.

 The Law Office of Sterling Rozear, PLLC, by Sterling Rozear, for defendant-
 appellant.

 CALABRIA, Judge.

 Billy Dean Morgan (“defendant”) appeals by petition for writ of certiorari

from judgments (1) revoking his probation and activating his suspended sentences;

and (2) imposing costs and attorneys’ fees. After careful review, we affirm the

revocation of defendant’s probation. However, since defendant was not given notice

and an opportunity to be heard as to the final amount of attorneys’ fees that would

be entered against him, we vacate the civil judgment entered pursuant to N.C. Gen.

Stat. § 7A-455 (2017) and remand to the trial court.
 STATE V. MORGAN

 Opinion of the Court

 I. Background

 On 28 August 2013, defendant pleaded no contest in McDowell County

Superior Court to two counts of assault with a deadly weapon inflicting serious

injury. The trial court sentenced defendant to two consecutive terms of 29-47

months in the custody of the North Carolina Division of Adult Correction. Pursuant

to the terms of defendant’s plea agreement, the trial court suspended his active

sentences and placed him on 36 months of supervised probation.

 On 12 May 2016, defendant’s supervising officer (“Officer Poteat”) filed

reports alleging that defendant had willfully violated his probation by (1) failing to

report as directed; (2) failing to pay his court and (3) supervision fees; and (4)

committing a new criminal offense by incurring misdemeanor charges on 17

February 2016 for violating a domestic violence protective order (“DVPO”). An

arrest warrant for a felony probation violation was issued that day. On 23 May

2016, Officer Poteat filed additional violation reports alleging that defendant had

willfully absconded supervision. On 17 June 2016, defendant was arrested for

violating his probation.

 After defendant’s probation expired on 28 August 2016, the trial court held a

probation violation hearing on 9 September 2016. At the beginning of the hearing,

defendant admitted the allegations in the State’s violation reports. When Officer

Poteat subsequently testified for the State, he explained that defendant was

 -2-
 STATE V. MORGAN

 Opinion of the Court

admitted to Grace Hospital’s mental health ward on 29 March 2016. After

defendant failed to make himself available for supervision following his release from

the hospital on 19 April 2016, Officer Poteat filed violation reports for absconding.

In addition, Officer Poteat testified that defendant had been convicted of the DVPO

violation “just two weeks ago.”1 Defendant’s appointed attorney contended that his

recent noncompliance with probation was related to his mental health concerns.

 After hearing from both parties, the trial court revoked defendant’s probation

“for absconding and for the conviction” and activated his suspended sentences.

Before concluding the hearing, the trial court stated that a civil judgment would be

entered for defendant’s costs and fees.

 II. Petition for Writ of Certiorari

 On 16 September 2016, defendant filed a handwritten, pro se “Inmate

Grievance/Request Form” with the McDowell County Jail stating, inter alia, that

“[t]he Clerk of Supperior [sic] Court said this Notice of appeal must come to her. I

wrote my appeal on Sep 10-16 why was this appeal gave back to me on 9-13-16.”

The record contains no other purported notice of appeal, and defendant’s Inmate

Grievance/Request Form is ineffective to serve that purpose. Defendant fails to

“designate the judgment or order from which appeal is taken and the court to which

 1 Defendant’s attorney confirmed that he had entered an Alford plea to the DVPO violation
and was sentenced to time served.

 -3-
 STATE V. MORGAN

 Opinion of the Court

appeal is taken[,]” and there is no evidence that the document was served upon the

State. N.C.R. App. P. 3 (d)-(e); N.C.R. App. P. 4(b)-(c).

 Despite his defective notice of appeal, on 30 May 2017, defendant filed a

petition for writ of certiorari with this Court requesting review of the criminal and

civil judgments entered by the trial court. Since it is evident from the Inmate

Grievance/Request Form that defendant intended to appeal, in our discretion, we

grant defendant’s petition for writ of certiorari and proceed to the merits of his

appeal. See N.C.R. App. P. 21(a)(1) (providing that “[t]he writ of certiorari may be

issued in appropriate circumstances by either appellate court to permit review of

the judgments and orders of trial tribunals when the right to prosecute an appeal

has been lost by failure to take timely action”).

 III. Probation Revocation

 “[O]ther than as provided in N.C. Gen. Stat. § 15A-1344(f), a trial court lacks

jurisdiction to revoke a defendant’s probation after the expiration of the

probationary term.” State v. Moore, 240 N.C. App. 461, 463, 771 S.E.2d 766, 767

(2015) (citing State v. Camp, 299 N.C. 524, 527, 263 S.E.2d 592, 594 (1980)). N.C.

Gen. Stat. § 15A-1344(f) provides, in pertinent part:

 The court may extend, modify, or revoke probation after
 the expiration of the period of probation if all of the
 following apply:

 (1) Before the expiration of the period of probation
 the State has filed a written violation report

 -4-
 STATE V. MORGAN

 Opinion of the Court

 with the clerk indicating its intent to conduct
 a hearing on one or more violations of one or
 more conditions of probation.
 (2) The court finds that the probationer did violate
 one or more conditions of probation prior to the
 expiration of the period of probation.
 (3) The court finds for good cause shown and
 stated that the probation should be extended,
 modified, or revoked.

N.C. Gen. Stat. § 15A-1344(f)(1)-(3).

 Following the enactment of the Justice Reinvestment Act of 2011 (“JRA”),

trial courts may only revoke probation when a defendant (1) commits a new criminal

offense in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) willfully absconds

supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a); or (3) violates any

condition of probation after serving two periods of confinement in response to

violations under N.C. Gen. Stat. § 15A-1344(d2). N.C. Gen. Stat. § 15A-1344(a).

 A hearing to revoke a defendant’s probationary sentence
 only requires that the evidence be such as to reasonably
 satisfy the judge in the exercise of his sound discretion
 that the defendant has willfully violated a valid condition
 of probation or that the defendant has violated without
 lawful excuse a valid condition upon which the sentence
 was suspended. The judge’s finding of such a violation, if
 supported by competent evidence, will not be overturned
 absent a showing of manifest abuse of discretion.

State v. Young, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (citations and

quotation marks omitted).

 -5-
 STATE V. MORGAN

 Opinion of the Court

 On appeal, defendant first argues that the trial court erroneously revoked his

probation after his 36-month probationary period expired on 28 August 2016,

because the court failed to make any findings of “good cause” under N.C. Gen. Stat.

§ 15A-1344(f)(3). We disagree.

 Defendant’s argument is nearly identical to the one this Court rejected in

State v. Regan, __ N.C. App. __, 800 S.E.2d 436 (2017). Relying on State v. Love,

156 N.C. App. 309, 576 S.E.2d 709 (2003), the Regan defendant challenged the trial

court’s failure to make written or oral findings of good cause under N.C. Gen. Stat.

§ 15A-1344(f) before revoking her probation. Regan, __ N.C. App. at __, 800 S.E.2d

at 440. However, we determined that Love was inapposite, because it involved a

different statute that requires the trial court to make “specific findings that longer

or shorter periods of probation are necessary” before sentencing an offender to a

period of probation beyond those expressly authorized by the statute. Id. (quoting

N.C. Gen. Stat. § 15A-1343.2(d) (2003)). We observed that unlike the statute at

issue in Love, N.C. Gen. Stat. § 15A-1344(f) “does not require that the trial court

make any specific findings.” Id. (emphasis added). Rather, the statute merely

authorizes the trial court to “extend, modify, or revoke” probation after the

defendant’s probationary term has expired if the court finds “good cause shown and

stated” for doing so. Id. (quoting N.C. Gen. Stat. § 15A-1344(f)(3)).

 -6-
 STATE V. MORGAN

 Opinion of the Court

 In Regan, we reasoned that “[t]he trial court complied with N.C. Gen. Stat. §

15A-1344(f)(3) by finding good cause to revoke” the defendant’s probation because:

 Remaining in North Carolina was a condition of
 Defendant’s probation. Defendant testified that she left
 the jurisdiction in 2011. Reporting for office meetings
 with her probation officer as directed was also a condition
 of Defendant’s probation. The State presented competent
 evidence, the sworn affidavit of Officer Wiley, that
 Defendant failed to report as directed on 5 April 2011.
 Defendant testified that she did not return to North
 Carolina because “after talking to Ms. Woods, I mean,
 frankly, it scared the hell out of me, so I didn't come
 back.”

Id. In open court, the trial court announced that it found the defendant “in willful

violation of the terms and conditions of her probation.” Id. The court’s judgments

included written findings that “[e]ach violation is, in and of itself, a sufficient basis

upon which this Court should revoke probation and activate the suspended

sentence.” Id. Accordingly, we concluded that “[b]oth the transcript of the probation

violation hearing and the judgments entered reflect[ed] that the trial court

considered the evidence and found good cause to revoke . . . probation.” Id. at __,

800 S.E.2d at 440-41.

 On appeal, defendant acknowledges Regan’s holding but nevertheless asserts

that “the only reasonable and proper interpretation” of N.C. Gen. Stat. § 15A-

1344(f)(3) “requires a trial court to make a specific finding of ‘good cause shown and

stated’ in order to revoke probation . . . .” Yet, as defendant recognizes, we are bound

 -7-
 STATE V. MORGAN

 Opinion of the Court

by this Court’s prior published opinions. In re Appeal from Civil Penalty, 324 N.C.

373, 384, 379 S.E.2d 30, 37 (1989) (“Where a panel of the Court of Appeals has

decided the same issue, albeit in a different case, a subsequent panel of the same

court is bound by that precedent, unless it has been overturned by a higher court.”).

 Alternatively, defendant argues that the trial court failed to comply with N.C.

Gen. Stat. § 15A-1344(f)(3)—“even under the looser interpretation” set forth in

Regan—because the judgments do not include findings that “[e]ach violation is, in

and of itself, a sufficient basis upon which this Court should revoke probation and

activate the suspended sentence.” We disagree.

 The Regan defendant was placed on probation prior to the enactment of the

JRA, when “trial courts had authority to revoke probation for a violation of any

probation condition.” State v. Moore, __ N.C. __, __, 807 S.E.2d 550, 554 (2017).

“After the JRA, by contrast, only violations of any of the three conditions specified

in N.C.G.S. § 15A-1344(a) are revocation-eligible.” Id. Accordingly, the finding in

Regan would have been erroneous in the instant case, given that only two of

defendant’s violations could have supported revocation. Instead, the trial court’s

judgments include the more appropriate finding that “[t]he Court may revoke

defendant’s probation . . . for the willful violation of the condition(s) that he[ ] not

commit any criminal offense, G.S. 15A-1343(b)(1), or abscond from supervision, G.S.

15A-1343(b)(3a) . . . .”

 -8-
 STATE V. MORGAN

 Opinion of the Court

 Since defendant had not previously served any periods of confinement

pursuant to N.C. Gen. Stat. § 15A-1344(d2), the trial court could only revoke his

probation if he committed a new criminal offense or willfully absconded. N.C. Gen.

Stat. § 15A-1344(a). The State alleged and the trial court found violations of both

of these conditions. Although defendant challenges both violations on appeal, his

arguments are meritless. As previously explained, either violation would support

revocation, and at the hearing, defendant admitted all of the State’s allegations.

After hearing from Officer Poteat and defendant’s attorney, the trial court

announced its decision to “revoke his probation for absconding and for the

conviction.” Consequently, “[b]oth the transcript of the probation violation hearing

and the judgments entered reflect that the trial court considered the evidence and

found good cause to revoke” defendant’s probation. Regan, __ N.C. App. at __, 800

S.E.2d at 440-41. Therefore, the trial court did not abuse its discretion by revoking

defendant’s probation.

 IV. Costs and Attorneys’ Fees

 Defendant next argues that the trial court erred by entering a civil judgment

for costs and attorneys’ fees without providing him with notice and an opportunity

to be heard as to the final amount of the attorneys’ fees that may be imposed against

him. We agree.

 -9-
 STATE V. MORGAN

 Opinion of the Court

 At sentencing, the trial court may enter a civil judgment against an indigent

defendant for fees incurred by the defendant’s court-appointed attorney. N.C. Gen.

Stat. § 7A-455; State v. Jacobs, 172 N.C. App. 220, 235, 616 S.E.2d 306, 316 (2005).

“[C]ounsel’s fees are calculated using rules adopted by the Office of Indigent Defense

Services, but trial courts awarding counsel fees must take into account factors such

as ‘the nature of the case, the time, effort, and responsibility involved, and the fee

usually charged in similar cases.’ ” State v. Friend, __ N.C. App. __, __, 809 S.E.2d

902, 906 (2018) (quoting N.C. Gen. Stat. § 7A-455(b)).

 Before entering judgment pursuant to N.C. Gen. Stat. § 7A-455, the trial

court must give the defendant “notice and an opportunity to be heard regarding the

total amount of hours and fees claimed by the court-appointed attorney.” Jacobs,

172 N.C. App. at 236, 616 S.E.2d at 317. This exchange in open court not only

allows the trial court to inform the defendant, on the record, of the purpose and

extent of the civil judgment that will be entered against him, but also provides the

defendant with his sole opportunity to comment on the court’s award of attorneys’

fees. See id.

 Unlike other stages of a criminal proceeding, when the trial court considers

entering a money judgment pursuant to N.C. Gen. Stat. § 7A-455, “the interests of

the defendant and trial counsel are not necessarily aligned.” Friend, __ N.C. App.

at __, 809 S.E.2d at 907. “For example, a defendant may believe that the amount

 - 10 -
 STATE V. MORGAN

 Opinion of the Court

of fees requested is unreasonable given the time, effort, or responsibility involved

in defending the case. Counsel, unsurprisingly, might feel otherwise.” Id.

Therefore, to avoid injustice,

 trial courts should ask defendants—personally, not
 through counsel—whether they wish to be heard on the
 issue. Absent a colloquy directly with the defendant on
 this issue, the requirements of notice and opportunity to
 be heard will be satisfied only if there is other evidence in
 the record demonstrating that the defendant received
 notice, was aware of the opportunity to be heard on the
 issue, and chose not to be heard.

Id.

 At the hearing in the instant case, the trial court discussed attorneys’ fees

with defendant’s appointed attorney immediately after revoking his probation:

 THE COURT: . . . I will make all [defendant’s] fees a civil
 judgment. Are you appointed?
 [DEFENSE COUNSEL]: I am appointed, Your Honor.
 THE COURT: Including your attorney’s fees.
 [DEFENSE COUNSEL]: I have seven hours.
 THE COURT: Good luck.

Although this discussion occurred in open court in defendant’s presence, the trial

court did not ask defendant personally, rather than through counsel, “whether [he]

wish[ed] to be heard on the issue.” Id. And while this exchange reveals that the

appointed attorney claimed seven hours of work related to defendant’s

representation, the record contains no evidence that defendant was notified of and

given an opportunity to be heard regarding the total amount of fees that would be

 - 11 -
 STATE V. MORGAN

 Opinion of the Court

entered against him. Cf. Jacobs, 172 N.C. App. at 235-36, 616 S.E.2d at 316-17

(vacating the judgment because although the trial court notified the defendant that

he would be awarding attorneys’ fees at the State-determined “rate of $65 an

hour[,]” the defendant’s appointed attorney “had not yet calculated his hours of

work related to defendant’s representation”).

 Accordingly, we vacate the civil judgment imposing costs and attorneys’ fees

and remand to the trial court. “On remand, the State may apply for a judgment in

accordance with N.C. Gen. Stat. § 7A-455, provided that defendant is given notice

and an opportunity to be heard regarding the total amount of hours and fees claimed

by the court-appointed attorney.” Id. at 236, 616 S.E.2d at 317; see also Friend, __

N.C. App. at __, 809 S.E.2d at 907 (emphasizing that Friend did “not announce a

new rule of constitutional law” but merely “provide[d] further guidance on what

trial courts should do to ensure that this Court can engage in meaningful appellate

review when defendants raise this issue”).

 V. Conclusion

 We affirm the trial court’s judgments revoking defendant’s probation and

activating his suspended sentences, since “[b]oth the transcript . . . and the

judgments entered reflect that the trial court considered the evidence and found

good cause to revoke” his probation based on violations of N.C. Gen. Stat. §§ 15A-

1343(b)(1) and 15A-1343(b)(3a). Regan, __ N.C. App. at __, 800 S.E.2d at 440-41.

 - 12 -
 STATE V. MORGAN

 Opinion of the Court

However, although the trial court asked the appointed attorney how many hours he

claimed related to defendant’s representation, defendant was not informed of the

total amount of attorneys’ fees that would be imposed, nor given an opportunity to

personally address the court. Therefore, defendant was not given the requisite

notice and opportunity to be heard on the issue. Friend, __ N.C. App. at __, 809

S.E.2d at 907. Accordingly, we vacate and remand the civil money judgment

entered pursuant to N.C. Gen. Stat. § 7A-455.

 AFFIRMED IN PART; VACATED AND REMANDED IN PART.

 Judge DILLON concurs.

 Chief Judge McGEE dissents by separate opinion.

 - 13 -
 No. COA17-428 – State v. Morgan

 McGEE, Chief Judge, dissenting.

 There are three requirements that must be met before the trial court can

enter an order revoking a defendant’s probation after the term of the probationary

period has ended:

 The court may . . . revoke probation after the expiration
 of the period of probation if all of the following apply:

 (1) Before the expiration of the period of probation the
 State has filed a written violation report with the
 clerk indicating its intent to conduct a hearing on one
 or more violations of one or more conditions of
 probation.

 (2) The court finds that the probationer did violate one
 or more conditions of probation prior to the expiration
 of the period of probation.

 (3) The court finds for good cause shown and stated
 that the probation should be . . . revoked.

N.C. Gen. Stat. § 15A-1344(f) (2017). These requirements are conditions precedent

that must be met in order for the trial court to have jurisdiction to revoke a

defendant’s probation after the probationary period has ended. State v. Krider,

COA17-272, 2018 WL 943444, at *2 (N.C. Ct. App. Feb. 20, 2018); State v. Bryant,

361 N.C. 100, 103–04, 637 S.E.2d 532, 535 (2006). It is the State’s burden to

establish the jurisdiction of the trial court in a probation revocation hearing. State

v. Peele, __ N.C. App. __, __, 783 S.E.2d 28, 32-33 (2016).

 In the present case, the first two conditions were clearly met. However,

Defendant argues the trial court failed to “state,” or make any finding of fact, that
 STATE V. MORGAN

 McGEE, C.J., dissenting

“good cause” was shown for revoking Defendant’s probation after Defendant’s

probationary term had already expired.

 Defendant, the State, and this Court all recognize the relevance of this

Court’s opinion in State v. Regan, __ N.C. App. __, 800 S.E.2d 436 (2017), on the

facts before us. The majority opinion correctly cites In re Civil Penalty for the

proposition that “[w]here a panel of the Court of Appeals has decided the same issue,

albeit in a different case, a subsequent panel of the same court is bound by that

precedent, unless it has been overturned by a higher court.” In re Civil Penalty, 324

N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (citations omitted). Stated differently, a

regular panel of this Court is without the authority to overrule a prior opinion of

this Court. Id. That this Court is without the authority to overrule a decision of

our Supreme Court is self-evident. Therefore, when this Court is confronted by two

conflicting opinions of regular panels of this Court, we have determined that we are

bound by the decision reached by the panel that had the authority to make the

relevant holding – i.e. the holding made by the earlier panel – and that we are not

bound by the holding made in violation of In re Civil Penalty – i.e. the conflicting

holding made by the later panel. Boyd v. Robeson Cty., 169 N.C. App. 460, 470, 621

S.E.2d 1, 7 (2005). It is axiomatic that any holding of this Court that directly

conflicts with a valid holding of our Supreme Court –regardless of when the

 2
 STATE V. MORGAN

 McGEE, C.J., dissenting

Supreme Court holding was made – must be disregarded in favor of our Supreme

Court’s precedent.

 I. The Requirement for Findings of Fact

 In order to reach its holding in Regan, this Court contrasted the language

used in N.C. Gen. Stat. § 15A-1343.2(d) (2017) — that in order to sentence a

defendant to a probationary term outside the statutorily defined limits, the trial

court must make “specific findings” that such a deviation is necessary — with the

language in N.C.G.S. § 15A-1344(f)(3) (2017) that prohibits revocation of a

defendant’s probation after the probationary term has ended unless “[t]he [trial]

court finds for good cause shown and stated that the probation should be . . .

revoked.” Id.

 In Regan, the Court held that the language of N.C.G.S. § 15A-1344(f)(3),

unlike that in N.C.G.S. § 15A-1343.2(d), did not require any actual findings of fact,

written or oral. Regan, __ N.C. App. at __, 800 S.E.2d at 440–41. Therefore, the

Regan holding allows revocation pursuant to N.C.G.S. § 15A-1344(f) so long as a

violation report was timely filed and the trial court makes a valid determination

that the defendant violated a condition of probation for which revocation is an

appropriate sanction:

 The trial court complied with N.C. Gen. Stat. § 15A-
 1344(f)(3) by finding good cause to revoke Defendant’s
 probation. Remaining in North Carolina was a condition
 of Defendant’s probation. Defendant testified that she

 3
 STATE V. MORGAN

 McGEE, C.J., dissenting

 left the jurisdiction in 2011. Reporting for office meetings
 with her probation officer as directed was also a condition
 of Defendant’s probation. The State presented competent
 evidence, the sworn affidavit of Officer Wiley, that
 Defendant failed to report as directed on 5 April 2011.
 Defendant testified that she did not return to North
 Carolina because “after talking to Ms. Woods, I mean,
 frankly, it scared the hell out of me, so I didn’t come
 back.” From the bench, the trial court announced, “I find
 the Defendant’s in willful violation of the terms and
 conditions of her probation.”

 Each of the judgments . . . incorporates a corresponding
 violation report . . . and indicates the specific paragraphs
 of the violation report which the trial court found as the
 basis for the finding that Defendant willfully violated the
 terms of her probation. Each judgment also includes a
 box checked by the trial court indicating that “[e]ach
 violation is, in and of itself, a sufficient basis upon which
 this Court should revoke probation and activate the
 suspended sentence.” Both the transcript of the
 probation violation hearing and the judgments entered
 reflect that the trial court considered the evidence and
 found good cause to revoke Defendant’s probation.

Regan, __ N.C. App. at __, 800 S.E.2d at 440–41 (emphasis added).2

 However, I find the Regan interpretation of the relevant language in N.C.G.S.

§ 15A-1344(f)(3) to be in direct conflict with our Supreme Court’s interpretation of

relevantly identical language in an earlier version of N.C.G.S. § 15A-1344(f). In

2008, the General Assembly made the following changes to N.C.G.S. § 15A-1344(f):3

 (f) Extension, Modification, or Revocation after Period of

 2 As noted in the majority opinion, the probation violations in Regan were committed prior
to enactment of the Justice Reinvestment Act.
 3 The stricken through portions were deleted and the underlined portions were added by this

amendment.

 4
 STATE V. MORGAN

 McGEE, C.J., dissenting

 Probation. – The court may extend, modify, or revoke
 probation after the expiration of the period of probation
 if: if all of the following apply:

 (1) Before the expiration of the period of probation
 the State has filed a written motion violation report with
 the clerk indicating its intent to conduct a revocation
 hearing; and hearing on one or more violations of one or
 more conditions of probation.

 (2) The court finds that the State has made
 reasonable effort to notify the probationer and to conduct
 the hearing earlier.[4] probationer did violate one or more
 conditions of probation prior to the expiration period of
 probation.

 (3) The court finds for good cause shown and stated
 that the probation should be extended, modified, or
 revoked.

Act of July 8, 2008, sec. 4, 2008 N.C. Sess. Laws 129.

 In Bryant, our Supreme Court undertook the following analysis of the prior

version of N.C.G.S. § 15A-1344(f):

 Initially, we address the State’s argument that no finding
 was required to be made by the trial court in this case.

 The General Assembly, in enacting the controlling
 statute, N.C.G.S. § 15A–1344(f), provided:

 “The court may revoke probation after the
 expiration of the period of probation if: (1) Before
 the expiration of the period of probation the State has
 filed a written motion with the clerk indicating its
 intent to conduct a revocation hearing; and (2) The

 4 Although the notice language was removed from N.C.G.S. § 15A-1344(f), Chapter 15A still
requires that a defendant be given proper notice before a revocation hearing is held, see, e.g., N.C.
Gen. Stat. §§ 15A-1345(d) and (e) (2017).

 5
 STATE V. MORGAN

 McGEE, C.J., dissenting

 court finds that the State has made reasonable
 effort to notify the probationer and to conduct the hearing
 earlier.”

 N.C.G.S. § 15A–1344(f) (2005) (emphasis added). In
 analyzing this statute, we use accepted principles of
 statutory construction by applying the plain and definite
 meaning of the words therein, as the language of the
 statute is clear and unambiguous. The statute
 unambiguously requires the trial court to make a judicial
 finding that the State has made a reasonable effort to
 conduct the probation revocation hearing during the
 period of probation set out in the judgment and
 commitment.

 The plain language of this statute leaves no room for
 judicial construction. In the absence of statutorily
 mandated factual findings, the trial court’s jurisdiction to
 revoke probation after expiration of the probationary
 period is not preserved. The State’s argument asks us to
 substitute the unsworn remarks of defendant’s counsel
 for a judicial finding of fact. This we will not do, as the
 statute requires the trial court to make findings of fact.
 Even in light of the somewhat informal setting of a
 probation revocation hearing, to accept defense counsel’s
 remarks as a finding of fact violates the plain and definite
 meaning of the statute.[5]

 The State argues that the unsworn remarks of
 defendant’s counsel, along with the scheduled hearing
 date noticed on defendant’s probation violation report,
 satisfy the statutory requirement. In doing so, the State
 contends the parenthetical statement made by the Court
 of Appeals in State v. Hall only requires evidence in the
 record, not an actual finding of fact. 160 N.C. App. 593,
 593–94, 586 S.E.2d 561, 561 (2003) (parenthetically

 5 “Black’s Law Dictionary defines a finding of fact as ‘a determination by a judge, jury, or
administrative agency of a fact supported by the evidence in the record, [usually] presented at the
trial or hearing.’ Black’s Law Dictionary 664 (8th ed. 2004).” This footnote is footnote “2” in the
original.

 6
 STATE V. MORGAN

 McGEE, C.J., dissenting

 stating “nor is there evidence in the record to support
 such findings”). Although this argument is creative, it is
 contrary to the explicit statutory requirement that “the
 court find . . . the State has made reasonable effort to
 notify the probationer and to conduct the hearing
 earlier.” N.C.G.S. § 15A–1344(f). The statute makes no
 exception to this finding of fact requirement based upon
 the strength of the evidence in the record.

Bryant, 361 N.C. at 102–03, 637 S.E.2d at 534–35 (citations omitted) (some

emphases added); see also State v. Burns, 171 N.C. App. 759, 763, 615 S.E.2d 347,

350 (2005).

 Prior to Regan, this Court discussed the requirements of the current version

of N.C.G.S. § 15A–1344(f) as follows:

 Pursuant to N.C.G.S. § 15A–1344(f), a trial court may
 extend, modify, or revoke a defendant’s probation after
 the expiration of the probationary term only if several
 conditions are met, including findings by the trial court
 that prior to the expiration of the probation period a
 probation violation had occurred and a written probation
 violation report had been filed. Also, the trial court must
 find good cause for the extension, modification, or
 revocation. N.C.G.S. § 15A–1344(f).

State v. Moore, 240 N.C. App. 461, 463, 771 S.E.2d 766, 767 (2015) (second emphasis

added); see also State v. Sanders, 240 N.C. App. 260, 263, 770 S.E.2d 749, 751 (2015).

Our Supreme Court held in Bryant that the language “the court finds” was an

unambiguously stated requirement that a specific “finding of fact” be made by the

trial court, not simply a requirement that evidence before the trial court could

support an unstated or implied “finding.” Bryant, 361 N.C. at 103, 637 S.E.2d at

 7
 STATE V. MORGAN

 McGEE, C.J., dissenting

535; see also State v. Daniels, 185 N.C. App. 535, 536–37, 649 S.E.2d 400, 401 (2007)

(citation omitted) (“In State v. Bryant, the Supreme Court held that N.C.G.S. § 15A–

1344(f) ‘. . . unambiguously requires the trial court to make a judicial finding that

the State has made a reasonable effort to conduct the probation revocation hearing

during the period of probation set out in the judgment and commitment’”). I also

note that this Court, in an unpublished opinion filed prior to Regan, recognized a

finding of fact requirement for N.C.G.S. § 15A–1344(f)(3). State v. Bailey, 241 N.C.

App. 173, 772 S.E.2d 875 (2015) (unpublished) (emphasis in original) (suggesting

that N.C.G.S. § 15A–1344(f)(3) requires a finding of fact because it “allows the court

to alter probation after the expiration of the probation period only if the court ‘finds

for good cause shown and stated that the probation should be extended, modified or

revoked’”). N.C. Gen. Stat. § 15A-1345(e) (2017) also supports the position that

actual findings of fact are necessary in order to support the statutory requirements

for revocation: “Before revoking . . . probation, the [trial] court must . . . hold a

hearing to determine whether to revoke . . . probation and must make findings to

support the decision and a summary record of the proceedings.” Id. (emphasis

added).

 Our Supreme Court has also indicated that the language “the court finds good

cause” mandates that the trial court actually make the relevant findings of fact.

State v. Coltrane, 307 N.C. 511, 515–16, 299 S.E.2d 199, 202 (1983) (emphasis

 8
 STATE V. MORGAN

 McGEE, C.J., dissenting

added) (Reversing order revoking probation because “[u]nder N.C.G.S. 15A-1345(e),

a defendant is entitled to ‘present relevant information, and may confront and cross-

examine adverse witnesses unless the [trial] court finds good cause for not allowing

confrontation.’ Defendant was allowed to confront neither [of the witnesses]. No

findings were made that there was good cause for not allowing confrontation.”).

 The current version of N.C.G.S. § 15A–1344(f) requires that three things

occur before the trial court may revoke a defendant’s probation after expiration of

the period of probation: (1) that a violation report is filed prior to expiration of the

period of probation; (2) that the trial court “finds that the probationer did violate

one or more conditions of probation prior to the expiration of the period of

probation[;]” and (3) that the trial court “finds for good cause shown and stated that

the probation should be . . . revoked.” Id. (emphasis added). The Court in Bryant

clearly rejected any argument that we can presume a “finding” based upon the

strength of the evidence in the record – the trial court must make the required

finding of fact or it does not have the authority to revoke a defendant’s probation

pursuant to N.C.G.S. § 15A–1344(f). “The statute makes no exception to this finding

of fact requirement based upon the strength of the evidence in the record.” Bryant,

361 N.C. at 103, 637 S.E.2d at 535; see also id. at 103–04, 637 S.E.2d at 535 (“Like

[State v.] Camp, [299 N.C. 524, 263 S.E.2d 592 (1980),] the trial court in the instant

case was without jurisdiction to revoke defendant’s probation and to activate

 9
 STATE V. MORGAN

 McGEE, C.J., dissenting

defendant’s sentence because it failed to make findings sufficient to satisfy the

requirements of the statute.”).

 I believe we are bound by our Supreme Court’s holdings construing language

in criminal statutes that requires the trial court to “find” or “find good cause” to

mean the trial court is required to make findings of fact demonstrating it has made

an independent determination, based on the evidence, that good cause existed for

the mandated conclusion. Therefore, in the present case I would hold that the trial

court was required to make a finding of fact that the State demonstrated “for good

cause shown and stated that [Defendant’s] probation should be . . . revoked.”

N.C.G.S. § 15A–1344(f)(3). Absent this finding, there is no record proof the trial

court had jurisdiction to revoke Defendant’s probation after the expiration of

Defendant’s period of probation. Bryant, 361 N.C. at 103–04, 637 S.E.2d at 535.

 II. What Findings are Required Pursuant to N.C.G.S. § 15A–1344(f)(3)

 Section (2) in the prior version of N.C.G.S. § 15A–1344(f), discussed in Bryant

and other opinions cited above, was replaced in part by N.C.G.S. § 15A–1344(f)(3).

Whereas the prior version required the State to present sufficient evidence

indicating that it had given the defendant proper notice and had made a reasonable

effort to conduct the revocation hearing earlier,6 the current version of the statute

 6 The natural inference is that the State is expected to conduct the hearing before the end
of the period of probation if possible, and as soon after expiration of the period of probation as is
reasonable when it is not practicable to conduct the hearing before expiration of the defendant’s
period of probation.

 10
 STATE V. MORGAN

 McGEE, C.J., dissenting

does not require a specific showing by the State, or a related finding by the trial

court, that the State could not have reasonably conducted the hearing at an earlier

date. Instead, the current version of N.C.G.S. § 15A–1344(f) requires the State to

prove (1) that it filed a violation report prior to the expiration of the period of

probation; (2) that Defendant did, in fact, violate a condition of probation prior to

the expiration of his period of probation; and (3) that there was “good cause” for the

trial court to revoke Defendant’s probation at that time – i.e., it is inferred that good

cause existed to revoke Defendant’s probation even though the period of probation

had already ended. It is my belief that the General Assembly, through its 2008

amendment of N.C.G.S. § 15A–1344(f), intended to provide the trial court more

discretion in making the determination of whether the State acted reasonably in

holding a revocation hearing after the expiration of the period of probation. I do not

believe the General Assembly intended to do away entirely with the State’s burden

to demonstrate that revocation of a defendant’s probation after expiration of the

period of probation was reasonable in light of the relevant facts of any particular

case.

 Therefore, I believe the General Assembly intended the relevant language

“[t]he court finds for good cause shown and stated that the probation should be

. . . revoked[,]” N.C.G.S. § 15A–1344(f)(3), to require the State to satisfy the trial

court that there was “good cause” for the trial court to revoke the defendant’s

 11
 STATE V. MORGAN

 McGEE, C.J., dissenting

probation even though the period of probation had already ended – and that the trial

court make the appropriate associated findings of fact. If the timing of the

revocation hearing is not included in the N.C.G.S. § 15A–1344(f)(3) analysis, at least

two consequences arise that I do not believe were intended by the General

Assembly. First, N.C.G.S. § 15A–1344(f)(3), in its entirety, becomes superfluous, in

violation of the established rules of statutory construction.

 “[W]e are guided by the principle of statutory
 construction that a statute should not be interpreted in a
 manner which would render any of its words superfluous.
 We construe each word of a statute to have meaning,
 where reasonable and consistent with the entire statute,
 because it is always presumed that the legislature acted
 with care and deliberation.”

State v. Haddock, 191 N.C. App. 474, 482, 664 S.E.2d 339, 345 (2008) (quoting State

v. Coffey, 336 N.C. 412, 417–18, 444 S.E.2d 431, 434 (1994)). In addition, “‘[i]n

construing ambiguous criminal statutes, we apply the rule of lenity, which requires

us to strictly construe the statute’” in favor of the defendant. Haddock, 191 N.C.

App. at 482, 664 S.E.2d at 345–46 (quoting State v. Hinton, 361 N.C. 207, 211, 639

S.E.2d 437, 440 (2007)). As I read Regan, that opinion appears to require only that

there exist evidence to support N.C.G.S. §§ 15A–1344(f)(1) and (2). Regan appears

to hold that, if the trial court finds that “the probationer did violate one or more

conditions of probation prior to the expiration of the period of probation[,]” N.C.G.S.

§ 15A–1344(f)(2), then the “good cause shown” requirement of N.C.G.S. § 15A–

 12
 STATE V. MORGAN

 McGEE, C.J., dissenting

1344(f)(3) is automatically satisfied. If satisfaction of the requirements of N.C.G.S.

§ 15A–1344(f)(2) serve to also satisfy the requirements of N.C.G.S. § 15A–1344(f)(3),

N.C.G.S. § 15A–1344(f)(3) has been rendered superfluous.

 Second, the Regan interpretation would also seem to violate the rule of lenity,

as it disposes of any burden of the State to demonstrate it acted reasonably in

seeking to revoke the defendant’s probation after expiration of the period of

probation. If N.C.G.S. § 15A–1344(f) has been stripped of any requirement that the

State demonstrate good cause for the trial court to revoke a defendant’s probation,

taking into consideration that the period of probation had already expired, the

intended protections in N.C.G.S. § 15A–1344(f) have been almost completely

stripped away. The Official Commentary to N.C.G.S. § 15A–1344 states:

 Subsection (f) provides that probation can be revoked and
 the probationer made to serve a period of active
 imprisonment even after the period of probation has
 expired if a violation occurred during the period and if the
 court was unable to bring the probationer before it in order
 to revoke at that time.

Id. (emphasis added).7 As I understand the holding in Regan, so long as a violation

report is filed before the expiration of a defendant’s period of probation, the State

could bring the defendant before the trial court for a revocation hearing at any time

 7The language of this comment suggests that it has not been changed since the amendment
of N.C.G.S. § 15A–1344(f), but I believe the rationale is still valid and that the addition of N.C.G.S.
§ 15A–1344(f)(3) was intended to convey the same intent – that the trial court’s finding of “good
cause shown and stated” incorporated the reasonableness of the State’s actions together with the
amount of time that has passed since the expiration of the period of probation.

 13
 STATE V. MORGAN

 McGEE, C.J., dissenting

– five, ten, fifteen years or more after the defendant’s probationary term ended. The

State would have no burden to demonstrate that it had acted reasonably in allowing

years to pass before initiating the revocation hearing. Whether the long delay was

due to the defendant’s actions, or was solely the fault of the State, would be

irrelevant in the trial court’s analysis. A finding by the trial court that the

defendant violated a term of his probation warranting revocation would be all that

was required to activate the underlying sentence. The “good cause shown and

stated” requirement of N.C.G.S. § 15A–1344(f)(3) would require nothing more than

the finding required by N.C.G.S. § 15A-1344(f)(2). This interpretation of N.C.G.S.

§ 15A–1344(f) results in the elimination of any meaningful difference between the

requirements for revocation at a hearing conducted during the defendant’s period

of probation and revocation after the expiration of the defendant’s period of

probation – so long as a violation report is filed prior to the end of defendant’s period

of probation, the arrest and hearing pursuant to N.C.G.S. § 15A-1345 may occur at

any time without any additional burden on the State. If this were the intent of the

General Assembly when it amended N.C.G.S. § 15A–1344(f) in 2008, it could have

greatly simplified the statute by eliminating N.C.G.S. § 15A–1344(f) entirely, and

simply have stated that the only conditions precedent to holding a probation

revocation hearing are the filing of a violation report prior to the expiration of the

period of probation and timely notice to the defendant of the hearing. The fact that

 14
 STATE V. MORGAN

 McGEE, C.J., dissenting

the General Assembly did not repeal N.C.G.S. § 15A–1344(f) in its entirety suggests

its intent was not to eliminate the additional requirement that the trial court find

as fact that activation of a defendant’s sentence after the expiration of the period of

probation was appropriate based on the particular fact before it.

 Although I disagree with the interpretation of N.C.G.S. § 15A–1344(f)(3) set

forth in Regan, with respect to both the findings of fact requirement and what must

be shown in order to for the State to prove “good cause shown,” I believe this Court

only has the authority to disregard the holding in Regan concerning the necessity

of findings of fact in support of the “good cause shown and stated” requirement of

N.C.G.S. § 15A–1344(f)(3). Because I find no contrary precedent from our Supreme

Court, nor any contrary precedent from this Court pre-dating Regan, I believe we

are bound by the holding in that opinion regarding what is required to satisfy the

“good cause shown” requirement in N.C.G.S. § 15A–1344(f)(3). Specifically, that a

proper finding of fact that Defendant violated a condition of his probation for which

revocation was an appropriate sanction is all that is needed to satisfy the “good

cause shown” requirement. Regan, __ N.C. App. at __, 800 S.E.2d at 440–41. I

address this issue because I believe it merits consideration by our Supreme Court.

 I would vacate and remand with direction to the trial court to either make

appropriate findings of fact as required by N.C.G.S. § 15A–1344(f)(3), or enter an

 15
 STATE V. MORGAN

 McGEE, C.J., dissenting

order denying revocation based upon the State’s failure to prove all the

jurisdictional requirements of N.C.G.S. § 15A–1344(f).

 16