DIETZ, Judge.
 

 *517
 
 Defendant Charles Adam Friend appeals his conviction and sentence for assault with a deadly weapon inflicting serious injury and first degree burglary.
 

 As explained below, Friend concedes that his challenge to the admission of his videotaped interrogation must be reviewed for plain error. Under that narrow standard of review, Friend has not shown that "absent the error, the jury probably would have returned a different verdict."
 
 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 519,
 
 723 S.E.2d 326
 
 , 335 (2012).
 

 We dismiss Friend's corresponding claim for ineffective assistance of counsel because it involves questions of fact not suited for review on direct appeal.
 
 State v. Todd
 
 ,
 
 369 N.C. 707
 
 , 712,
 
 799 S.E.2d 834
 
 , 838 (2017).
 

 *904
 
 Friend also argues that the trial court erred by entering a civil judgment against him for the attorneys' fees incurred by his court-appointed counsel under N.C. Gen. Stat. § 7A-455 without providing him with notice and an opportunity to be heard. As explained in more detail below, we agree and therefore vacate that money judgment and remand for further proceedings.
 

 With respect to counsel fees incurred under § 7A-455, the interests of defendants and their counsel may not always align. Because indigent defendants may feel that the fees charged by counsel were unreasonable in light of the time, effort, or responsibility involved in the case, and because those defendants might reasonably believe-as is the case
 
 *518
 
 at various stages of the criminal trial and sentencing-that they may speak only through their counsel, we hold that trial courts must provide criminal defendants, personally and not through their appointed counsel, with an opportunity to be heard before entering a money judgment under § 7A-455. Because Friend was not informed of his right to be heard before the court entered the money judgment in this case, we vacate that judgment and remand for further proceedings.
 

 Facts and Procedural History
 

 On 14 July 2015, Friend got into a fight with an acquaintance, André Douglas Gay, during which Friend repeatedly stabbed Gay with a knife. The fight occurred around midnight at Gay's apartment, where Gay was staying with his sister and his girlfriend.
 

 In Friend's version of events, which the jury heard through the testimony of law enforcement officers and a videotape of Friend's police interrogation, Friend went to Gay's apartment to discuss money that Gay owed him and an argument ensued. According to Friend, Gay came out of the apartment and hit Friend with a floor lamp. After Gay hit Friend with the lamp, the two fell to the ground and into the apartment fighting. At some point during the struggle, Gay grabbed a knife. Seeing this, Friend took out his own knife and stabbed Gay in self-defense.
 

 In Gay's version of events, the fight began with Friend standing outside Gay's apartment and Gay remaining inside while the two argued through a screen door. During this heated, verbal argument, Friend pulled out his knife and threatened to "gut" Gay. Gay then grabbed a knife from the kitchen while Friend still remained outside the apartment door.
 

 Gay claimed that he never once stepped outside his apartment during the fight. Gay also claimed that he never tried to stab Friend and that, after discovering the knife he picked up was broken, he threw it on the floor and never picked it up again.
 

 Gay testified that he closed the front door of the apartment to keep Friend out, at which point Friend "busted" the side window from outside. Gay cracked the door open to see what was happening and Friend-still carrying his knife-pushed the door open. Gay claims that it was at this moment that he hit Friend with the lamp to keep Friend from entering. Friend still managed to push his way into the apartment, forcing Gay to the ground and stabbing him until Gay's girlfriend came to Gay's defense.
 

 At trial, the State played a videotape of Friend's interrogation by law enforcement following the stabbing. In that videotaped interrogation, Friend contradicted himself, admitted that he pushed his way into the
 
 *519
 
 apartment while Gay closed the door on him, and acknowledged that Gay "probably" put down his knife before Friend stabbed him.
 

 The State also introduced several photographs of the apartment into evidence, all of which were taken shortly after the fight. The photographs showed a broken window on the side of Gay's apartment with shattered glass underneath it. One law enforcement officer testified that, given the positioning of the curtains on the window, the location of the broken glass indicated the window was broken from the outside.
 

 The State also admitted the two knives from the fight into evidence. Gay's knife had no blood on it and was "broken" and "loose." Friend's knife, which law enforcement found hidden in a container on top of a microwave in his apartment, had blood stains on it.
 

 The jury convicted Friend of first degree burglary and assault with a deadly weapon
 
 *905
 
 inflicting serious injury. The trial court sentenced him to 64 to 89 months in prison for the burglary and 25 to 42 months in prison for the assault. The court also entered a civil judgment against Friend for $1,750, which included the attorneys' fees incurred by Friend's court-appointed counsel during the case. Friend's counsel gave oral notice of appeal from the criminal judgment in open court the day after the court entered the judgment.
 

 Analysis
 

 I. Defendant's petition for writ of certiorari
 

 We first address our jurisdiction to hear the merits of this appeal. Friend seeks review of both the criminal judgment and the civil money judgment against him for attorneys' fees and costs. Friend acknowledges that under controlling precedent from this Court, his appeal is untimely because he noted his appeal from the criminal judgment one day
 
 after
 
 the trial court entered the judgment and he did not file a written notice of appeal from the civil judgment.
 

 This Court routinely allows a petition for a writ of certiorari to review a criminal judgment where the defendant failed to timely appeal.
 
 State v. McCoy
 
 ,
 
 171 N.C. App. 636
 
 , 638,
 
 615 S.E.2d 319
 
 , 320-21 (2005) (citing N.C. R. App. P. 21(a) ). In our discretion, we likewise do so here.
 

 It is less common for this Court to allow a petition for a writ of certiorari where a litigant failed to timely appeal a civil judgment. But, as explained below, Friend's argument on the issue of attorneys' fees is meritorious. Accordingly, in our discretion, we issue a writ of certiorari to review this issue as well.
 
 State v. Grundler
 
 ,
 
 251 N.C. 177
 
 , 189,
 
 111 S.E.2d 1
 
 , 9 (1959).
 

 *520
 

 II. Admission of videotape of Friend's interrogation
 

 Friend first argues that the trial court erred by admitting his videotaped custodial interrogation. Friend concedes that he did not object to the videotape's admission at trial and we must therefore review this issue under the plain error standard of review.
 
 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 518,
 
 723 S.E.2d 326
 
 , 334 (2012).
 

 "For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial."
 

 Id.
 

 "To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty."
 

 Id.
 

 In other words, the defendant must show that, "absent the error, the jury probably would have returned a different verdict."
 
 Id.
 
 at 519,
 
 723 S.E.2d at 335
 
 .
 

 We reject Friend's argument because he cannot show that, but for the alleged error, the jury probably would have reached a different result. To be sure, Friend's videotaped interrogation was incriminating: he contradicted himself, thus damaging his credibility, and he acknowledges that he forced his way into Gay's apartment and that Gay had put down his own knife before Friend stabbed him.
 

 But Friend has not shown that, "absent the error, the jury probably would have returned a different verdict."
 

 Id.
 

 Friend points to the "conflicting and general confusing nature of all the evidence" to suggest that admission of his incriminating statements "had a probable impact on the jury's findings." This ignores that the physical evidence at trial supported Gay's version of events, not Friend's. For example, the State presented evidence that the window to Gay's apartment had been smashed from the outside, as Gay described, and that Gay's knife was indeed broken, as he claimed when explaining why he dropped his knife even before Friend stabbed him.
 

 Simply put, without the videotaped interrogation, the jury
 
 might
 
 have believed Friend's version of events. But that is not enough to satisfy the plain error standard. Friend has not met his burden to show that, absent the alleged error, the jury
 
 probably
 
 would have believed his account, rejected the victim's account and corroborating evidence, and therefore acquitted him. Accordingly, we find no plain error in the trial court's judgment.
 

 *906
 

 III. Ineffective assistance of counsel
 

 Friend next argues that he received ineffective assistance of counsel because his trial attorney did not move to suppress Friend's videotaped statements or object to their admission at trial.
 

 *521
 
 We decline to address this argument on direct appeal. The merits of an ineffective assistance of counsel claim will be decided on direct appeal only "when the cold record reveals that no further investigation is required."
 
 State v. Thompson
 
 ,
 
 359 N.C. 77
 
 , 122-23,
 
 604 S.E.2d 850
 
 , 881 (2004). Where the claim raises "potential questions of trial strategy and counsel's impressions, an evidentiary hearing available through a motion for appropriate relief is the procedure to conclusively determine these issues."
 
 State v. Stroud
 
 ,
 
 147 N.C. App. 549
 
 , 556,
 
 557 S.E.2d 544
 
 , 548 (2001).
 

 Recently, in
 
 State v. Todd
 
 , our Supreme Court dismissed an appeal in which a defendant claimed his counsel was ineffective for failing to make a meritorious motion to dismiss for insufficiency of the evidence, outside the presence of the jury.
 
 369 N.C. 707
 
 , 712,
 
 799 S.E.2d 834
 
 , 838 (2017). Although the record in
 
 Todd
 
 did not disclose any apparent strategic reason for declining to assert a meritorious, dispositive motion, particularly outside the jury's presence, our Supreme Court held that whether defense counsel "made a particular strategic decision remains a question of fact, and is not something which can be hypothesized" by an appellate court on direct appeal.
 

 Id.
 

 Here, there is nothing in the record to indicate why Friend's counsel chose not to make a motion to suppress the videotaped interrogation or declined to object when it was admitted at trial. Friend argues that his counsel's failure to address the issue was not strategic because it was "the result of defense counsel's inadvertent mistake arising from his failure to familiarize himself with the facts of the case and to research the applicable law on the issue." But Friend cites no portion of the record showing this to be true. The State, in response, asserts that it "cannot make any representation regarding the trial strategy or thought process of [Friend's] trial counsel." In short, the reason why Friend's counsel did not raise this issue below "remains a question of fact, and is not something which can be hypothesized" by this Court on direct review.
 

 Id.
 

 "[W]hen this Court reviews ineffective assistance of counsel claims on direct appeal and determines that they have been brought prematurely, we dismiss those claims without prejudice, allowing defendant to bring them pursuant to a subsequent motion for appropriate relief in the trial court."
 
 Thompson
 
 ,
 
 359 N.C. at 122-23
 
 ,
 
 604 S.E.2d at 881
 
 . Accordingly, we dismiss Friend's ineffective assistance of counsel claim without prejudice to pursue it through a motion for appropriate relief in the trial court.
 

 IV. Civil judgment for court-appointed attorneys' fees
 

 Finally, Friend argues that the trial court failed to give him notice and an opportunity to be heard at sentencing before entering a money
 
 *522
 
 judgment against him for his counsel's fees. As explained below, we vacate that judgment and remand for further proceedings.
 

 In certain circumstances, trial courts may enter civil judgments against convicted indigent defendants for the attorneys' fees incurred by their court-appointed counsel.
 
 See
 
 N.C. Gen. Stat. § 7A-455. By statute, counsel's fees are calculated using rules adopted by the Office of Indigent Defense Services, but trial courts awarding counsel fees must take into account factors such as "the nature of the case, the time, effort, and responsibility involved, and the fee usually charged in similar cases." N.C. Gen. Stat. § 7A-455(b). Before imposing a judgment for these attorneys' fees, the trial court must afford the defendant notice and an opportunity to be heard.
 
 State v. Jacobs
 
 ,
 
 172 N.C. App. 220
 
 , 235,
 
 616 S.E.2d 306
 
 , 316 (2005) ;
 
 State v. Crews
 
 ,
 
 284 N.C. 427
 
 , 442,
 
 201 S.E.2d 840
 
 , 849 (1974).
 

 This Court recently revisited
 
 Jacobs
 
 in two unpublished cases,
 
 State v. Farabee
 
 , --- N.C. App. ----,
 
 786 S.E.2d 432
 
 ,
 
 2016 WL 1745003
 
 (2016), and
 
 *907
 

 State v. Hurley
 
 , --- N.C. App. ----,
 
 805 S.E.2d 563
 
 , No. COA16-1202,
 
 2017 WL 4638192
 
 (Oct. 17, 2017). In both cases, we vacated and remanded the civil judgments because the trial court did not ask the defendants if they wished to be heard. Instead, the trial court in both cases stated that it was taking up the issue, questioned the defendants' counsel about the amount of fees to be awarded, and then announced that it was entering a judgment in the amount of those fees.
 
 Farabee
 
 , --- N.C. App. at ----,
 
 2016 WL 1745003
 
 at *7-8 ;
 
 Hurley
 
 , --- N.C. App. at ----,
 
 2017 WL 4638192
 
 at *8. In both cases, this Court held that trial court's discussion with counsel did not provide the defendant with sufficient opportunity to be heard.
 

 Id.
 

 Ordinarily, when a defendant is represented by counsel, notice to defendant's counsel that the court is taking up the issue would be sufficient to satisfy the requirement that the defendant must have notice and an opportunity to be heard.
 
 In re Stuhl
 
 ,
 
 292 N.C. 379
 
 , 389,
 
 233 S.E.2d 562
 
 , 568 (1977). Counsel for defendants understand that, if they wish to be heard on an issue during an ongoing court proceeding, they can simply rise and ask the court for permission to be heard. Thus, ordinarily, by not asserting a particular argument when discussing an issue with the court, defendants (through counsel) were given the opportunity to raise the argument and waived it.
 

 But on this particular issue, attributing counsel's silence to the defendant could lead to injustice. When the court is contemplating a money judgment against the defendant for attorneys' fees incurred by appointed counsel under N.C. Gen. Stat. § 7A-455, the interests of
 
 *523
 
 the defendant and trial counsel are not necessarily aligned. For example, a defendant may believe that the amount of fees requested is unreasonable given the time, effort, or responsibility involved in defending the case. Counsel, unsurprisingly, might feel otherwise. Further complicating the issue, courts typically address the question of attorneys' fees at the end of the criminal sentencing proceeding. At nearly every other point in a criminal proceeding, defendants represented by counsel who ask to be personally heard on an issue would be told that they must speak through their counsel.
 
 See, e.g.
 
 ,
 
 State v. Thorne
 
 , --- N.C. App. ----,
 
 785 S.E.2d 187
 
 ,
 
 2016 WL 1320808
 
 at *1 (2016). Those defendants might reasonably believe the same is true when the court turns to the issue of attorneys' fees for their court-appointed lawyers.
 

 To avoid the risk that defendants are deprived of the opportunity to be heard in this context, we adopt the reasoning of our unpublished decisions in
 
 Farabee
 
 and
 
 Hurley
 
 and hold that, before entering money judgments against indigent defendants for fees imposed by their court-appointed counsel under N.C. Gen. Stat. § 7A-455, trial courts should ask defendants-personally, not through counsel-whether they wish to be heard on the issue. Absent a colloquy directly with the defendant on this issue, the requirements of notice and opportunity to be heard will be satisfied only if there is other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard.
 

 Here, the State concedes that the trial court did not inform Friend of his right to be heard on the issue of attorneys' fees, and nothing in the record indicates that Friend understood he had that right. Accordingly, we vacate the civil judgment for attorneys' fees under N.C. Gen. Stat. § 7A-455 and remand to the trial court for further proceedings on this issue.
 

 Our holding today does not announce a new rule of constitutional law. The requirement that defendants be afforded notice and an opportunity to be heard before imposition of a civil judgment for attorneys' fees was established in
 
 Jacobs
 
 and
 
 Crews
 
 .
 
 See
 

 172 N.C. App. at 235-36
 
 ,
 
 616 S.E.2d at
 
 316 ;
 
 284 N.C. at 442
 
 ,
 
 201 S.E.2d at 849
 
 . This opinion simply provides further guidance on what trial courts should do to ensure that this Court can engage in meaningful appellate review when defendants raise this issue.
 

 Conclusion
 

 We hold Friend has failed to demonstrate plain error in the trial court's criminal judgment. We dismiss the claim for ineffective assistance
 
 *524
 
 of counsel without prejudice. We vacate the civil judgment for attorneys' fees
 
 *908
 
 and remand for further proceedings on that issue.
 

 NO PLAIN ERROR IN PART; DISMISSED IN PART; VACATED AND REMANDED IN PART.
 

 Judges ELMORE and INMAN concur.