DIETZ, Judge.
Defendant Billy Rascel Tyson appeals a judgment entered against him imposing restitution and various court costs. As explained below, the State concedes that the judgment concerning fees for Tyson's court-appointed counsel must be vacated and remanded, and we agree. We reject Tyson's other arguments and affirm the remaining portions of the trial court's judgment.
Facts and Procedural History
In October 2016, Defendant Billy Rascel Tyson and his brother approached Devon Suggs after hearing that Suggs was selling a handgun. Tyson and his brother stole the handgun from Suggs. Law enforcement later arrested Tyson.
At trial, the jury found Tyson guilty of possession of a firearm by a felon. As part of his sentence, the trial court entered a civil judgment ordering Tyson to pay $615.00 in restitution for the stolen handgun, $1,200 for his court-appointed counsel's fees, $417.50 for court costs, and a $60.00 appointment fee. Tyson failed to give notice of appeal at trial but orally indicated his intent to appeal at a later hearing. He did not file a written notice of appeal. Tyson later petitioned for a writ of certiorari in which he conceded the errors with the appeal and asked this Court to exercise its discretion to review the case.
Analysis
I. Petition for a Writ of Certiorari
We first address our jurisdiction to hear the merits of this appeal. As explained below, although Tyson did not timely appeal the trial court's judgment, he asserts at least one potentially meritorious issue and thus, in our discretion, we allow the petition and consider this appeal on the merits. See State v. Friend , --- N.C. App. ----, ----, 809 S.E.2d 902, 905 (2018).
II. Civil Judgment for Court-Appointed Counsel's Fees
Tyson first argues that the trial court erred by entering a civil money judgment against him for the fees incurred by his court-appointed counsel. He contends that the trial court failed to give him adequate notice and an opportunity to be heard.
This Court recently reaffirmed that, before imposing fees of this kind, the trial court must engage in a colloquy with the defendant personally, and not solely with the defendant's counsel, because the issue of counsel fees is one for which the defendant and counsel may have competing interests. Id. at ----, 809 S.E.2d at 906-07. "Absent a colloquy directly with the defendant on the issue, the requirements of notice and opportunity to be heard will be satisfied only if there is other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard." Id. at ----, 809 S.E.2d at 907.
Here, the State concedes error because the trial court did not engage in the necessary colloquy with Tyson personally and the record does not indicate that Tyson understood he had an opportunity to speak and chose not to. Accordingly, we vacate the civil judgment awarding court-appointed counsel's fees and remand for further proceedings.
III. Court Costs and Fees
Tyson next argues that the trial court erred by imposing court costs as part of the judgment. By statute, a "defendant who receives an active sentence is required to be assessed court costs unless the trial court specifically makes a written finding of just cause to waive these costs." State v. Phillips , 227 N.C. App. 416, 426, 742 S.E.2d 338, 345 (2013) ; N.C. Gen. Stat. § 7A-304. Here, the court did not make written findings that there was just cause to waive costs, and thus the court was required to assess those costs.
Tyson argues that those costs only could be imposed once he failed to pay and was in default, citing N.C. Gen. Stat. § 15A-1365. But that statute, which provides that "[w]hen a defendant has defaulted in payment of a fine or costs, the judge may order that the judgment be docketed," is not applicable to the initial assessment of costs. N.C. Gen. Stat. § 15A-1365. Accordingly, we affirm this portion of the judgment.
IV. Restitution
Finally, Tyson argues that the trial court erred by ordering restitution because, in his view, where the offense is not one covered by the Crime Victim's Rights Act, the law only permits a trial court to order restitution to "be paid from work-release earnings or as a condition of parole or post-release supervision."
The applicable statute provides that "[w]hen an active sentence is imposed, the court shall consider whether it should recommend to the Secretary of Public Safety that restitution be made by the defendant out of any earnings gained by the defendant if the defendant is granted work-release privileges .... The court shall also consider whether it should recommend to the Post-Release Supervision and Parole Commission that restitution by the defendant be made a condition of any parole or post-release supervision granted the defendant." N.C. Gen. Stat. § 15A-1340.36(c). In other words, the statute permits the trial court to recommend that payment of restitution be a condition of any work-release privileges, parole, or post-release supervision. But the statute does not require the trial court to impose these restrictions in every case. Because this is the only argument Tyson asserts with respect to restitution and we find it meritless, we affirm the trial court's award of restitution.
Conclusion
We vacate and remand the trial court's civil judgment concerning court-appointed counsel fees and affirm the remaining portions of the trial court's judgment.
VACATED AND REMANDED IN PART; AFFIRMED IN PART.
Report per Rule 30(e).
Judges BRYANT and INMAN concur.