TYSON, Judge.
Timothy George Zimmerman ("Defendant") argues the trial court failed to provide him with notice and an opportunity to be heard with regard to the amount of the court-appointed attorney's fee assessed against him. We agree. The civil judgments entered by the court pursuant to N.C. Gen. Stat. §§ 7A-455(b), -455.1(a) (2017), are vacated. We remand for further proceedings.
I. Background
On 28 March 2018, Defendant pled no contest to discharging a firearm into occupied property, assault inflicting serious bodily injury, possession of a firearm by a convicted felon, and possession of a stolen firearm. The trial court consolidated the offenses for judgment in accordance with the parties' plea arrangement, and sentenced Defendant to an active prison term of 69 to 95 months. The judgment and commitment further provided that "all costs including [court-appointed] att[orney] fee to be docketed as a civil judgment." On 3 April 2018, Defendant filed a pro se notice of appeal "pursuant to N.C.G.S. § 15A-1444(a1)" referencing his guilty plea entered on 28 March 2018. The trial court made appellate entries appointing the Appellate Defender to represent Defendant on appeal.
On 4 April 2018, the trial court entered civil judgments against Defendant for $ 1,610.00 in attorney's fees and for the $ 60 attorney appointment fee. Defendant did not file timely notice of appeal from these civil judgments.
II. Jurisdiction
On appeal, Defendant challenges only the civil judgments entered against him for court-appointed attorney's fees. He claims the trial court erred by "fail[ing] to provide [him] with notice and an opportunity to be heard regarding the total amount of hours and fees claimed by appointed counsel[.]"
The State has filed a motion to dismiss Defendant's appeal on the ground that he has failed to raise an issue within his limited right of appeal from the criminal judgment entered upon his guilty plea. See N.C. Gen. Stat. § 15A-1444(a1), (a2), (e) (2017) ; see also State v. Corbett , 191 N.C. App. 1, 3, 661 S.E.2d 759, 761, aff'd per curiam , 362 N.C. 672, 669 S.E.2d 323 (2008). Defendant has filed a petition for writ of certiorari as an alternative basis for appellate review "should this Court find that his pro se written notice of appeal is insufficient to confer jurisdiction over [his] appeal."
III. Analysis
A. Motion to Dismiss
We agree with the State that Defendant's exception to civil judgments for attorney's fees does not fall within his right of appeal from the criminal judgment under N.C. Gen. Stat. § 15A-1444. Cf. State v. Jacobs , 361 N.C. 565, 566, 648 S.E.2d 841, 842 (2007) (per curiam) (dismissing appeal where the criminal judgment from which appeal was taken "merely indicated [the court's] intention to enter a future order assessing attorney fees" under N.C. Gen. Stat. § 7A-455 ). Nor is Defendant's notice of appeal filed on 3 April 2018 timely as to the civil judgments entered on 4 April 2018. See Mannise v. Harrell , --- N.C. App. ----, ----, 791 S.E.2d 653, 656 (2016) ("An entered order did not exist when Defendant filed notice of appeal on 7 October 2015.... Defendant has failed to take timely action to perfect his appeal pursuant to Appellate Rule 3, and his appeal is not properly before this Court."); see also N.C.R. App. P. 3(c) ; N.C. Gen. Stat. § 1A-1, Rule 58 (2017). Because "[f]ailure to give timely notice of appeal ... is jurisdictional," we allow the State's motion to dismiss. Booth v. Utica Mut. Ins. Co. , 308 N.C. 187, 189, 301 S.E.2d 98, 99 (1983) (per curiam).
B. Petition for Writ of Certiorari
"The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1). Because the record shows that Defendant was denied notice and an opportunity to be heard on the amount of attorney's fees awarded by the court, we allow his petition and issue the writ of certiorari to review the civil judgments. See State v. Friend , --- N.C. App. ----, ----, 809 S.E.2d 902, 905 (2018).
Although Defendant refers to "the judgments for attorney's fees and costs," the trial court did not enter a civil judgment for the $ 6,892.50 in costs assessed in the criminal judgment. Nor may costs be docketed as a civil judgment under N.C. Gen. Stat. § 7A-455. See N.C. Gen. Stat. § 7A-304 (2017) (listing costs in criminal cases); see also N.C. Gen. Stat. § 15A-1365 (2017) ("When a defendant has defaulted in payment of a fine or costs, the judge may order that the judgment be docketed."). It appears Defendant has mistaken the $ 60 appointment fee in accordance with N.C. Gen. Stat. § 7A-455.1 as a cost.
Under N.C. Gen. Stat. § 7A-455(b), "the trial court may enter a civil judgment against a convicted indigent defendant for the amount of fees incurred by the defendant's court-appointed attorney." State v. Jacobs , 172 N.C. App. 220, 235, 616 S.E.2d 306, 316 (2005). Defendant is entitled to notice and the opportunity to be heard regarding the amount of the fee award, as follows:
[B]efore entering money judgments against indigent defendants for fees imposed by their court-appointed counsel under N.C. Gen. Stat. § 7A-455, trial courts should ask defendants-personally, not through counsel-whether they wish to be heard on the issue. Absent a colloquy directly with the defendant on this issue, the requirements of notice and opportunity to be heard will be satisfied only if there is other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard.
Friend , --- N.C. App. at ----, 809 S.E.2d at 907.
IV. Conclusion
The transcript of the plea hearing shows Defendant was neither "informed of the total amount of attorneys' fees that would be imposed, nor given an opportunity to personally address the court." State v. Morgan , --- N.C. App. ----, ----, 814 S.E.2d 843, 849 (2018). The court simply announced at the conclusion of the hearing that "any costs or fees shall be reduced to a civil judgment." "Accordingly, we vacate the civil judgment for attorneys' fees under N.C. Gen. Stat. § 7A-455 and remand to the trial court for further proceedings on this issue." Friend , --- N.C. App. at ----, 809 S.E.2d at 907. Although Defendant does not separately contest the $ 60 appointment fee prescribed by N.C. Gen. Stat. § 7A-455.1, we deem it appropriate to vacate and remand this civil judgment, too, inasmuch as it appears on the same page of the AOC-CR-225 form as the judgment entered for attorney's fees. It is so ordered .
DISMISSED IN PART; VACATED IN PART AND REMANDED.
Report per Rule 30(e).
Judges BRYANT and ARROWOOD concur.