IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-676

Filed 7 May 2024

Rowan County, Nos. 18 CRS 55094; 19 CRS 895

STATE OF NORTH CAROLINA

v.

ANTHONY RAYSHAWN SIMPSON

Appeal by defendant from judgments entered 25 January 2023 by Judge John O. Craig, III in Rowan County Superior Court. Heard in the Court of Appeals 6 February 2024.

> *Attorney General Joshua H. Stein, by Assistant Attorney General John Tillery, for the State.*
>
> *Michelle Abbott for defendant-appellant.*

THOMPSON, Judge.

Defendant Anthony Rayshawn Simpson appeals from a civil judgment against him for the attorney's fees incurred by his court-appointed counsel. On appeal, defendant argues that the trial court erred by failing to provide him with notice and an opportunity to be heard on the issue of attorney's fees. After careful review, we vacate and remand the civil judgment for further proceedings on the issue of attorney's fees.

## I. Factual Background and Procedural History

Defendant was incarcerated at Piedmont Correctional Institute in Salisbury, North Carolina, for an unrelated offense. On 14 November 2018, defendant was involved in a physical altercation with a detention officer at the facility, leading to defendant's indictment on 23 April 2019, for assault on a detention employee inflicting physical injury.

On 23 January 2023, the matter came on for hearing at the Criminal Session of Rowan County Superior Court. Following a two-day trial, defendant was found guilty upon a jury's verdict of assault on a detention employee inflicting physical injury. Pursuant to the jury's verdict, defendant then pled guilty to having attained habitual felon status.

Shortly thereafter, during sentencing, defense counsel raised the issue of attorney's fees with the court, without invoking the words "attorney's fees." The entire colloquy between defense counsel and the court on the issue of attorney's fees consisted of the following:

> [DEFENSE COUNSEL]: I'm appointed. I have about 18-and-a-half hours total.
>
> THE COURT: All right.
>
> [DEFENSE COUNSEL]: I had it as [$]1[,]202.50. If I can just add one thing. [Defendant] has been on good behavior throughout this trial. I just want the [c]ourt to take note.
>
> THE COURT: Yes, certainly will note that.

The court did not inquire of defendant whether he *personally* wished to be heard on the issue of attorney's fees at this time. A few moments later, pursuant to the jury's guilty verdict and defendant's guilty plea to having attained habitual felon status, the court sentenced defendant to forty to sixty months in the custody of the North Carolina Division of Adult Correction *and* entered a civil judgment against defendant for attorney's fees:

> THE COURT: I'll assess the attorney['s] fee at $1,202.50 as well as the court costs, but they may go to a civil judgment. I will also recommend work release for [defendant] whenever he becomes eligible in the DAC.
>
> [DEFENSE COUNSEL]: We respectfully enter notice of appeal.
>
> THE COURT: All right. Note that, and I will appoint the Appellate Defender to represent [defendant]. Good luck to you, [defendant].

After defendant entered his oral notice of appeal, the proceeding concluded. From this civil judgment, defendant appeals.

## II. Discussion

### A. Appellate jurisdiction

At the outset, we note that defendant entered oral notice of appeal from the trial court's civil judgment for attorney's fees. Oral notice of appeal is insufficient to confer jurisdiction on our Court to review the trial court's order entering a civil judgment of $1,202.50 in attorney's fees against defendant. *See State v. Smith*, 188

- 3 -

N.C. App. 842, 845, 656 S.E.2d 695, 697 (2008) (holding that a judgment for attorney's fees constituted a civil judgment and required written notice of appeal because "defendant was required to comply with Rule 3(a) of the [North Carolina] Rules of Appellate Procedure when appealing from those [civil] judgments").

However, defendant has filed a petition for writ of certiorari pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure. Under North Carolina Rule of Appellate Procedure 21(a)(1), this Court may issue a writ of certiorari to permit review "when the right to prosecute an appeal has been lost by failure to take timely action." *See Anderson v. Hollifield*, 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997) (acknowledging an appellate court's authority to "review the merits of an appeal by certiorari even if the party has failed to file notice of appeal in a timely manner"). This Court has issued a writ to review a civil judgment for attorney's fees despite the party's failure to file a written notice of appeal from the civil judgment. *See, e.g., State v. Friend*, 257 N.C. App. 516, 519, 809 S.E.2d 902, 905 (2018) (issuing the writ of certiorari when defendant failed to enter timely written notice of appeal).

In our discretion, we allow defendant's petition for certiorari, because defendant has presented a meritorious argument regarding the trial court's civil judgment of $1,202.50 in attorney's fees against him. *Id.* (issuing the writ of certiorari although "[i]t is less common for this Court to allow a petition for a writ of certiorari where a litigant failed to timely appeal a civil judgment[,] . . . [the defendant's]

argument on the issue of attorney['s] fees is meritorious"). Certiorari should be allowed when "the ends of justice will be thereby promoted." *King v. Taylor*, 188 N.C. 450, 451, 124 S.E. 751, 751 (1924); *see, e.g., State v. Hammonds*, 218 N.C. App. 158, 163 (2012) (issuing the writ of certiorari to avoid manifest injustice).

**B. Attorney's fees**

On appeal, defendant argues that the trial court "erred by entering a civil judgment for attorney's fees against [defendant] without providing him with notice and an opportunity to be heard." We agree.

"In certain circumstances, trial courts may enter civil judgments against convicted indigent defendants for the attorney['s] fees incurred by their court-appointed counsel." *Friend*, 257 N.C. App. at 522, 809 S.E.2d at 906. "Before imposing a judgment for these attorney['s] fees, the trial court *must* afford the defendant notice and an opportunity to be heard." *Id.* (emphasis added). "Ordinarily, when a defendant is represented by counsel, notice to defendant's counsel that the court is taking up the issue would be sufficient to satisfy the requirement that the defendant must have notice and an opportunity to be heard." *Id.* at 522, 809 S.E.2d at 907.

However, "[w]hen the court is contemplating a money judgment against the defendant for attorney['s] fees . . . the interests of the defendant and trial counsel are not necessarily aligned." *Id.* at 522–23, 809 S.E.2d at 907. Therefore, to "avoid the risk that defendants are deprived of the opportunity to be heard in this context, we . . . hold that, before entering money judgments against indigent defendants for fees

imposed by their court-appointed counsel . . . trial courts should ask defendants—personally, not through counsel—whether they wish to be heard on the issue." *Id.* at 523, 809 S.E.2d at 907. "*Absent a colloquy directly with the defendant on this issue,* the requirements of notice and opportunity to be heard will be satisfied only if there is other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard." *Id.* (emphasis added).

In setting forth the aforementioned law in *State v. Friend*, Judge (now Justice) Dietz relied upon two unpublished decisions where "the trial court did not ask the defendants if they wished to be heard." *Id.* at 522, 809 S.E.2d at 907. Instead, "the trial court in both cases stated that it was taking up the issue, questioned the defendants' counsel about the amount of fees to be awarded, and then announced that it was entering a judgment in the amount of those fees." *Id.* Our Court noted that "[i]n both cases, this Court held that [the] trial court's discussion with counsel did not provide the defendant with sufficient opportunity to be heard." *Id.*

We find this trio of cases dispositive to the issue raised by defendant in the present case, as the court *only* "questioned [defendant's] counsel about the amount of fees to be awarded, and then announced that it was entering a judgment in the amount of those fees[,]" without asking "defendant[ ]—personally, not through counsel—whether [he] wish[ed] to be heard on the issue." *Id.* at 522–23, 809 S.E.2d at 907.

In its appellate brief, the State argues that "the trial court did address the issue of attorney's fees with [defendant's] attorney in front of [defendant][,]" and defendant "could hear what was being said and could have objected." The State further contends that defendant had "a history during the trial of interjecting on issues that he thought were important[,]" as he had "spontaneously raised his hand to ask a question to the court." We find these arguments unavailing, as our caselaw instructs that the trial court "ask defendants—*personally, not through counsel*—whether they wish to be heard on the issue [of attorney's fees]." *Id.* at 523, 809 S.E.2d at 907 (emphasis added).

As noted above, the trial court did not engage in "a colloquy directly with [defendant] on th[e] issue [of attorney's fees]." *Id.* Therefore, we must determine whether there is "other evidence in the record demonstrating that [defendant] received notice, was aware of the opportunity to be heard on the issue [of attorney's fees], and chose not to be heard." *Id.*

Upon our careful review of the record and transcript of the proceeding, we conclude that there is *not* "evidence in the record demonstrating that [defendant] received notice, was aware of the opportunity to be heard on the issue [of attorney's fees], and chose not to be heard." *Id.* There was no discussion of attorney's fees at trial until the aforementioned colloquy between *defense counsel* and the court at defendant's sentencing; nothing in the colloquy between *defense counsel* and the court would allow our Court to infer that defendant "received notice, was aware of the

opportunity to be heard on the issue [of attorney's fees], and chose not to be heard[,]" as required by our caselaw. *Id.* at 522–23, 809 S.E.2d at 906 (noting that "[b]efore imposing a judgment for these attorney['s] fees, the trial court *must* afford the defendant notice and an opportunity to be heard" on the issue of attorney's fees). In fact, the words "attorney's fees" were never invoked until the trial court entered the civil judgment for attorney's fees against defendant at the end of the trial.

## III. Conclusion

For the aforementioned reasons, we conclude that the trial court did err by failing to provide defendant with notice and an opportunity to be heard on the issue of attorney's fees. Consequently, we vacate the civil judgment for attorney's fees and remand for further proceedings on that issue, specifically to give defendant notice of his right to be heard on the amount he would be charged for attorney's fees.

VACATED AND REMANDED.

Judge STROUD concurs.

Judge GRIFFIN dissents by separate opinion.

GRIFFIN, Judge, dissenting.

Initially, I would deny Defendant's petition for writ of certiorari because his notice of appeal did not comply with Rule 3(a) of the North Carolina Rules of Appellate Procedure. *See State v. Bursell*, 372 N.C. 196, 198–99, 827 S.E.2d 302, 304 (2019) (explaining that "failure of the parties to comply with the rules, and failure of the appellate courts to demand compliance therewith, may impede the administration of justice" (citation and internal marks omitted)). However, since the majority reached the merits of Defendant's argument, I dissent for the reasons below.

In *State v. Friend*, this Court held "trial courts must provide criminal defendants, personally and not through their appointed counsel, with an opportunity to be heard before entering a money judgment under [N.C. Gen. Stat.] § 7A-455." *State v. Friend*, 257 N.C. App. 516, 518, 809 S.E.2d 902, 904 (2018). To satisfy this right, trial courts, "before entering money judgments against indigent defendants for fees imposed by their court-appointed counsel under N.C. Gen. Stat. § 7A-455, [] should ask defendants—personally, not through counsel—whether they wish to be heard on the issue." *Id*. at 523, 809 S.E.2d at 907. This is because "[c]ounsel for defendants understand that, if they wish to be heard on an issue during an ongoing court proceeding, they can simply rise and ask the court for permission to be heard." *Id*. at 522, 809 S.E.2d at 907. However, the language directly below conditions this requirement by stating that

> [a]bsent a colloquy directly with the defendant on this

issue, the requirements of notice and opportunity to be heard will be satisfied only if there is other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard.

*Id*. at 523, 809 S.E.2d at 907. There, "nothing in the record indicate[d] that [the defendant] understood he had" the right to be heard on the issue of attorney's fees. *Id.*

Thus, if there is not a direct colloquy, there must be other evidence in the record demonstrating a defendant (1) had notice, (2) was aware of the opportunity to be heard, and (3) chose not to be heard. The majority "conclude[s] that there is *not* 'evidence in the record demonstrating that [Defendant] received notice, was aware of the opportunity to be heard on the issue [of attorney's fees], and chose not to be heard.'" I disagree.

Here, the record contains key differences that place this case within the other evidence standard of *Friend*. For example, Defendant raised his hand requesting to be heard during the trial proceedings. The trial court did not tell him that he had to speak through his counsel and allowed him to speak directly to the court. Additionally, Defendant was present in the courtroom when the trial court and counsel took up the issue of attorney's fees. The trial judge stated, "I'll assess the attorney fee at $1,202.50 as well as the court costs, but they may go to a civil judgment." Defendant remained silent during this exchange, but made a request to hug his wife shortly after, which the trial judge allowed. Given his willingness to

speak up during sentencing, Defendant's silence on the issue is indicative of his choice to not be heard. Defendant's behavior shows his awareness that he could question the court about a variety of issues and chose not to question the attorney's fees.

Further, unlike in *State v. Jacobs*, 172 N.C. App. 220, 236, 616 S.E.2d 306, 317 (2005), where the defendant was completely unaware of the total amount of fees, Defendant was put on notice of the total amount of attorney's fees imposed because the trial judge stated the amount in Defendant's presence.

Our precedent suggests a direct colloquy is the best practice. That practice was not employed by the trial court in this case. However, after surveying the relevant case law, the criteria for what constitutes sufficient evidence to meet the other evidence standard in *Friend* is undeveloped. Here, the record indicates there is other evidence reflecting the standard was met. I would deny Defendant's petition for writ of certiorari. On the merits, I would hold the trial court did not err and provided Defendant with sufficient notice and an opportunity to be heard.