IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-816

Filed 19 March 2025

Pitt County, Nos. 22CRS51945, 22CRS51950

STATE OF NORTH CAROLINA

v.

DONNIE MONTE JOHNSON, Defendant.

Appeal by Defendant from judgments entered 22 May 2023 by Judge Marvin K. Blount III in Pitt County Superior Court. Heard in the Court of Appeals 11 February 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Emily E. Sorge, for the State.*

*Attorney W. Michael Spivey, for the Defendant-Appellant.*

STADING, Judge.

Donnie M. Johnson ("Defendant") appeals from final judgments entered against him pursuant to jury verdicts finding him guilty of possession of cocaine and felony fleeing to elude arrest. Counsel for Defendant filed a brief under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985). After careful review, we discern no error.

## I.    Background

On 10 April 2022, Defendant was charged by indictment with felony possession

of cocaine, maintaining a vehicle for the purpose of selling cocaine, and felony fleeing to elude arrest. Defendant was also charged with driving while impaired and speeding seventy miles per hour in a fifty-five miles per hour zone. The offenses arose from an incident in which Trooper Ashley Smith, of the North Carolina Highway Patrol, observed Defendant speeding and activated his blue lights and siren to initiate a traffic stop. Defendant kept driving for several miles, during which time Trooper Smith observed Defendant throwing something out of the car's window. Upon stopping in a convenience store parking lot, Defendant exited the car. A search revealed a plastic bag containing 0.26 grams of cocaine on the driver's seat, digital scales on the passenger seat, and approximately $1,100 in cash in the glove compartment.

At the 22 May 2023 session of Pitt County Superior Court, following his trial, the jury acquitted Defendant of driving while impaired and maintaining a vehicle for the purpose of selling cocaine. But the jury returned verdicts finding Defendant guilty of possession of cocaine, felony fleeing to elude arrest, and speeding.

The trial court sentenced Defendant to a term of five to fifteen months of imprisonment for the felony fleeing to elude arrest conviction. It imposed a consecutive sentence of five to fifteen months for the possession of cocaine conviction, to run at the expiration of the previous sentence; this sentence was suspended for twenty-four months of supervised probation. The trial court imposed a $100 fine for the speeding conviction. Defendant gave his notice of appeal in open court.

## II.     Jurisdiction

Jurisdiction is proper with our Court since Defendant appeals from a "final judgment of a superior court," and "entered a plea of not guilty to a criminal charge, and . . . [was] found guilty of a crime." *See* N.C. Gen. Stat. §§ 7A-27(b)(1) (2023) and 15A-1444(a) (2023).

## III.    Analysis

On appeal, Defendant's appellate counsel filed a brief citing *Anders*, indicating an inability "to identify any discernible issue with sufficient merit to support a meaningful argument for relief on appeal," and requesting this Court to "conduct a full examination of the record for any prejudicial error and determine if any issue has been overlooked."  Counsel has shown to the satisfaction of this Court that he has complied with *Anders* and *Kinch* by advising Defendant of his right to file his own written arguments with this Court and by providing him with the documents necessary to do so.  Defendant himself has not filed a brief with our Court.

Counsel directs our review to four potential issues: (1) denial of Defendant's motion for substitute counsel; (2) failure to inform Defendant of his right to self-representation; (3) admission of testimony that marijuana was thrown from Defendant's car; and (4) lack of opportunity to be heard regarding attorney's fees that were ultimately remitted.

### A.     Motion for Substitute Counsel

The record reveals that Defendant's appointed trial counsel attempted to

negotiate a plea on his behalf that was not acceptable to the trial court. Defendant and his trial counsel then reported "irreconcilable differences." Upon further explanation, trial counsel told the court that Defendant sought to employ defenses that counsel did not think had "any legal or factual basis." However, "[a] disagreement over trial tactics does not, by itself, entitle a defendant to the appointment of new counsel." *State v. Hutchins*, 303 N.C. 321, 335, 279 S.E.2d 788, 797 (1981) (citations omitted).

### B. Right to Self-Representation

After Defendant and his trial counsel brought up their concerns of continued representation, the dialogue transitioned to a motion to continue, and the topic of self-representation was not brought up. At no point in time did Defendant express a desire to go forward without his trial counsel. And "[u]nless an accused makes *some* form of an affirmative statement which would amount to a manifestation of a desire to proceed *pro se*, it cannot be reasonably argued that an accused has been forced to accept representation at trial." *Id.* at 338, 279 S.E.2d at 799.

### C. Overruled Objection to Disputed Testimony

At trial, the prosecutor asked Trooper Smith "based on your training and experience, what did you believe was being thrown out the window?" Defendant's trial counsel objected on the basis of speculation. After a bench conference, the question was asked again without objection and Trooper Smith replied, "it appeared to be marijuana." Without analyzing this particular transaction, we note that the

record contains ample other instances of testimony concerning evidence of marijuana in the car where no objection was proffered. Yet Defendant waived his prior objection because "[a]dmission of evidence without objection waives *prior* or subsequent objection to the admission of evidence of a similar character." *State v. Valentine*, 357 N.C. 512, 525, 591 S.E.2d 846, 857 (2003) (citations omitted).

### D. Waived Attorney's Fees

Defendant also points to a lack of opportunity to address the trial court concerning his trial counsel's fee for appointment and representation. But no such opportunity arose because the trial court remitted the attorney fees. Before imposing a judgment for appointed-counsel fees, under N.C. Gen. Stat. § 7A-455 (2023), "the trial court must afford the defendant notice and an opportunity to be heard." *State v. Friend*, 257 N.C. App. 516, 522, 809 S.E.2d 902, 906 (2018) (citations omitted). Since the trial court in fact remitted such fees, logic dictates that Defendant's need to address this decision became unnecessary. *See id.* at 518, 809 S.E.2d at 904 (emphasis added) (holding that "trial courts must provide criminal defendants, personally and not through their appointed counsel, with an opportunity to be heard *before entering a money judgment* under [section] 7A-455."). In any event, if this was an error of law by the trial court, we must determine whether such error prejudiced Defendant. *See* N.C. Gen. Stat. § 15A-1442 (2023). Here, had Defendant been heard on attorney's fees, the best possible outcome for his cause would have been remission of those fees. Accordingly, Defendant cannot show, but for his opportunity to be

heard, a different outcome would have been reached. Any such claimed defect is therefore harmless.

## IV.    Conclusion

In accordance with *Anders* and *Kinch*, we have fully examined the record for any issue with arguable merit. *See State v. Frink*, 177 N.C. App. 144, 145, 627 S.E.2d 472, 473 (2006) (quoting *State v. Hamby*, 129 N.C. App. 366, 367–68, 499 S.E.2d 195, 195) ("Under our review pursuant to *Anders* and *Kinch*, 'we must determine from a full examination of all the proceedings whether the appeal is wholly frivolous.'"). We therefore conclude that Defendant received a fair trial free from error.

NO ERROR.

Judges WOOD and GORE concur.