An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-1125

Filed 20 August 2025

Sampson County, Nos. 15CRS052339, 15CRS052346

STATE OF NORTH CAROLINA

v.

SCILEEK PHUQWAN WASHINGTON

Appeal by defendant from judgment entered 12 September 2023 by Judge L. Lamont Wiggins in Sampson County Superior Court. Heard in the Court of Appeals 31 July 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Jordan Turner, for the State.*

*John E. Ryan III, for defendant-appellant.*

PER CURIAM.

Scileek Washington ("defendant") appeals from a civil judgment entered following his conviction of second-degree murder and possession of a firearm by a felon. The judgment awarded attorney fees and restitution in the amount of $5,000.00. Defendant contends the trial court erred by entering the civil judgment without first conducting a colloquy with defendant. Defendant has additionally filed

a petition for writ of certiorari ("PWC") to supplement his oral notice of appeal. For the following reasons, in our discretion, we deny the PWC and dismiss the appeal.

## I.  Background

On 16 September 2015, at approximately 7:00 p.m., Benjamin Cunningham was shot and killed in Clinton, North Carolina. **{Tr. 294-95, 317.}** That night, Michael Cunningham, the victim's son, was visiting Benjamin at his home as he prepared to attend church. **{Tr. 371-72.}** When his father walked outside and into the driveway he was shot. **{Tr. 375.}** Michael heard a loud noise, ran outside, and discovered Benjamin's body. **{Tr. 374.}** As he approached his father's body Michael noted a vehicle backing out of the driveway, away from Benjamin's body. **{Tr. 374-75.}**

Based on Michael's description, the police later located the car that had backed out of the driveway. **{Tr. 378-79.}** Although Michael could not make out who was in the car, two of the car's passengers later identified defendant as the individual who shot Benjamin. **{Tr. 441-42, 553-54.}** Additionally, defendant was linked to the crime scene when a partially smoked cigarette found at the scene contained his DNA. **{Tr. 801.}**

The jury convicted defendant of second-degree murder and possession of a firearm by a felon. **{R. 19,20.}** At sentencing, the trial court ordered "that all monies, to include any award for attorney fees . . . be docketed as a civil judgment, once they are approved by the State." **{Tr. 927.}** However, the trial court did not specify the amount of attorney fees to be awarded. The State sought to recover restitution, and

the court awarded $5,000.00 in restitution to the North Carolina Crime Victims' Compensation Fund. **{Tr. 927, 930.}** It was docketed as a civil judgment. **{Tr. 930.}** A colloquy regarding fees was not conducted. **{Tr. 928.}** Defendant objected to his ability to pay restitution to the Crime Victims' Compensation Fund but did not object to references about attorney fees or the docketing of any fees as civil judgments. Additionally, it does not appear that a specific award of attorney fees has been entered against defendant since the entry of the civil judgment.

Defendant orally appealed in open court. **{Tr. 27.}** Defendant also filed his PWC on 9 April 2025.

## II.    Discussion

Defendant contends the trial court erred in entering a civil judgment without conducting a colloquy. We first address defendant's PWC.

For this Court to have jurisdiction over a criminal defendant's appeal, the defendant must comply with Rule 4 of the North Carolina Rules of Appellate Procedure. *State v. Hughes*, 210 N.C. App. 482, 484, 707 S.E.2d 777, 778 (2011). Pursuant to Rule 4, a defendant must give oral notice of appeal in open court or file written notice of appeal with the superior court clerk within fourteen days of the ruling or entry of the judgment. However, civil judgments, such as those for attorney's fees, require a defendant to comply with Rule 3(a), which requires written notice of appeal. *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 696, 697 (2008).

Where there is a defective notice of appeal, this Court may issue a writ of certiorari in "appropriate circumstances" to "permit review of the judgments and orders of trial tribunals" when (1) "the right to prosecute an appeal has been lost by failure to take timely action," (2) "no right of appeal from an interlocutory order exists," or (3) "for review . . . of an order of the trial court ruling on a motion for appropriate relief." N.C. R. App. P. Rule 21(a)(1).

Certiorari is a discretionary writ which may "be issued only for good or sufficient cause shown," and must "show merit or that [petitioner] has reasonable grounds for asking that the case be brought up and reviewed on appeal." *In re Snelgrove*, 208 N.C. 670, 671–72, 182 S.E. 335 (1935) (citation omitted). Additionally, a writ of certiorari "should issue only if there are 'extraordinary circumstances' to justify it." *Cryan v. Nat'l Council of Young Men's Christian Ass'ns of U.S.*, 384 N.C. 569, 572, 887 S.E.2d 848, 851 (2023) (quoting *Moore v. Moody*, 304 N.C. 719, 720, 285 S.E.2d 811 (1982)). "There is no fixed list of 'extraordinary circumstances' that warrant certiorari review, but this factor generally requires a showing of substantial harm, considerable waste of judicial resources, or 'wide-reaching issues of justice and liberty at stake.'" *Id.* at 573, 887 S.E.2d at 851 (citation omitted). "Ultimately, the decision to issue a writ of certiorari rests in the sound discretion of the presiding court." *Id.*

In *State v. Friend*, this Court issued a writ of certiorari to review an appeal of a criminal judgment and civil judgment for attorney's fees where the defendant

appealed the criminal judgment one day after the judgment was entered and failed to enter written notice of appeal from the civil judgment. *State v. Friend*, 257 N.C. App. 516, 519, 809 S.E.2d 902, 905 (2018). However, this Court noted that it was "less common . . . to allow a petition for a writ of certiorari where a litigant failed to timely appeal a civil judgment[,]" and that certiorari was granted because the defendant's argument was meritorious. *Id.*

Here, defendant orally noticed his appeal after sentencing, but he did not file a written notice of appeal from the civil judgment nor take any other action to renew his appeal. Furthermore, upon reviewing the record, the amount of the attorney fees award was never specified, and no attorney fees were actually levied against defendant. Accordingly, there is no meritorious issue for review, and pursuant to *Smith* and *Friend*, defendant's PWC is denied and the appeal is dismissed.

### III.    Conclusion

For the foregoing reasons, we decline to grant the defendant's petition for writ for certiorari due to its failure to identify a viable issue committed below and dismiss the appeal.

DISMISSED.

Panel consisting of Judges ARROWOOD, STADING, and MURRY.

Report per Rule 30(e).