An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-585

Filed 18 February 2026

Henderson County, Nos. 22CR051993-440, 22CR051994-440, 23CR000182-440

STATE OF NORTH CAROLINA

v.

AUSTIN AMOS KENNEDY BYRNSIDE

Appeal by defendant from final judgment order entered 25 September 2024 by Judge Daniel A. Kuehnert in Henderson County Superior Court. Heard in the Court of Appeals 12 January 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Steven Armstrong, for the State.*

> *Ryan Legal Services, PLLC, by John E. Ryan III, for defendant-appellant.*

PER CURIAM.

Defendant Austin A. Byrnside appeals from a civil judgment entered following his conviction of first-degree murder, first-degree burglary, and conspiracy to commit robbery. The civil judgment awarded attorney's fees of $59,773.07 without conducting a colloquy of Defendant. Defendant filed a petition for writ of certiorari ("PWC") to supplement his oral notice of appeal in open court. For the reasons below,

in our discretion we grant Defendant's PWC, vacate the civil judgment, and remand to the trial court.

On 25 September 2024, a jury found Defendant guilty of first-degree murder, first-degree burglary, and conspiracy to commit robbery for the death of his grandmother with a BB gun. At sentencing, the trial court ordered all attorney costs as a civil judgment once the total was calculated. The trial court did not engage Defendant personally on the issue of attorney fees. In October 2024, Defendant filed a pro se written notice of appeal "in the above mention[ed] cases." On 5 December 2024, the Office of Indigent Defense Services entered a fee against Defendant in the amount of $59,773.07 and a trial court approved this amount on 20 December 2024.

Approximately eight months later, Defendant filed a PWC. This Court dismissed Defendant's PWC without prejudice to refile with a copy of the civil judgment. Defendant refiled his PWC with a copy of the civil judgment. The official record on appeal does not contain the civil judgment against Defendant. Further, the record does not contain a timely written notice of appeal of the civil judgment.

Defendant seeks review of the civil money judgment against him for attorneys' fees and costs. Defendant acknowledges his appeal of the civil money judgment is untimely. *See* N.C. R. App. P. 3(a)-(c). However, when a defendant fails to perfect a notice of appeal this Court may issue a writ of certiorari. N.C. R. App. P. 21(a)(1) (listing three circumstances when it is appropriate for this Court to grant a discretionary writ of certiorari). Generally, a PWC should only be granted when

circumstances are "extraordinary . . . to justify it." *Moore v. Moody*, 304 N.C. 719, 720 (1982); *see State v. Friend*, 257 N.C. App. 516, 519 (2018) (illustrating this Court's ability to issue a writ of certiorari when a defendant fails to timely appeal a civil judgment via written notice). This Court in *Friend* noted it was "less common . . . to allow a [PWC] where a litigant failed to timely appeal a civil judgment[,]" and there, this Court granted certiorari because the underlying merits of defendant's case justified review. *Id.*

We conclude Defendant's appeal is meritorious and, thus, grant the PWC. The trial court did not personally discuss attorney fees with Defendant. Similarly, the transcript reveals no opportunity presented for Defendant to understand his right to be heard on the issue, or a denial of the right to be heard.

The entire colloquy on the issue of attorneys' fees included:

> MR. BESEN: Your Honor, just briefly . . . I was appointed by the Capital Defender's Office in this case, and I couldn't tell you what my hours are at this point in time.
>
> THE COURT: All right. Thank you. Well, all costs are going to be a civil judgment. I'll tell you that right off the bat.
>
> [Discussion between the court and counsel on prior record level].
>
> THE COURT: . . . Does the defendant wish to say anything before I impose sentence on any of these things?
>
> MR. BENSEN: No, Your Honor.
>
> THE COURT: [Sentencing]. All costs will be a civil judgment, including attorney's fees, though that has not

been determined as to what that amount is.

[Discussion by the court directed at Defendant with Defendant responding related to being sentenced to life in prison].

THE COURT: Is there anything else from the State or from the Defendant?

MR. VAN BUREN: Not from the State, Your Honor.

Therefore, because there was no personal colloquy on the issue of attorney fees with Defendant, we cannot conclude the trial court complied with the mandate in *Friend*. Thus, the civil money judgment under N.C.G.S. § 7A-455 is vacated and remanded to the trial court to create a record establishing Defendant was provided with notice and an opportunity to be heard on the issue of attorney fees prior to the entry of a civil judgment against him.[1]

VACATED AND REMANDED.

Panel consisting of Chief Judge DILLON and Judges GORE and FREEMAN.

Report per Rule 30(e).

---

[1] The State argues Defendant violated Rule 9 of the North Carolina Rules of Appellate Procedure for failing to include "a copy of the judgment, order, or other determination from which appeal is taken." N.C. R. App. P. 9(a)(1)(h). Defendant did not include the civil judgment in the record; however, he did include the civil judgment in a refiled PWC at this Court's request. Thus, because this Court expressly allowed Defendant to include the civil judgment in his PWC, in our discretion we permit and grant Defendant's PWC.